## DUNSMORE *v.* ELLIOTT.

Affirmative matter stated in an answer, if not denied, is to be taken as true, and need not be proved.

### *Appeal from the Polk District Court.*

THIS suit was commenced before a justice of the peace, on a promissory note payable to one Laning or bearer. The defendant appeared and filed an answer, denying the indebtedness, and setting up that said note was given as the difference in the exchange of horses; that Laning represented his horse to be sound, and worth one hundred dollars, and warranted him sound in every particular; that defendant relied upon the representations, and that the horse was diseased and wholly worthless; that said note was obtained by fraud, and that plaintiff had knowledge thereof; that plaintiff did not own said note, and that the same came into his hands after it became due. To this answer, there was no replication. Judgment having been rendered in favor of defend-

ant, the plaintiff appealed. On the trial in the District Court, it appears, that the only testimony offered by either party, was the promissory note. The court instructed the jury, that the answer of the defendant, not being replied to, was to be taken as true, as to every affirmative allegation therein contained. Verdict and judgment for defendant; motion for new trial overruled, and plaintiff now appeals.

*Madison Young*, for the appellant.

*Knapp & Caldwell*, for the appellee.

WRIGHT, C. J.—It will be observed, that this answer specifically sets up affirmative matter, which, if true, was a complete defence to the note. Not being denied, it was to be taken as true. Code, §§ 2284, 1742. If these sections have any meaning or purpose, the defendant's case was as completely made out by this pleading, as if he had introduced ever so much evidence. Why should he be required to prove that which the law treats as admitted, if undenied? If there had been any pretence of denial, though imperfectly stated, it would raise a different question. But neither the entries on the justice's docket, or any other part of the record, show that any response was made to this answer. Under such circumstances, we are clear that the instruction given by the court below, was correct. This being the only error complained of, the judgment is affirmed.