## McKINNEY v. HARTMAN.

It is no part of the duty of a jury, nor have they any right, to determine from the pleadings, what allegations are admitted or denied.

It is the province of the court alone, to examine the pleadings; and if any of the allegations are to be taken as true, for want of the necessary denial, to so state to the jury.

Where, in an action for the forcible detention of real estate, commenced and tried before a justice of the peace, and taken by appeal to the District Court, and in which action the defendant answered, "not guilty," the jury in the District Court were instructed, that every material allegation in the petition, not specifically denied by the answer, should be taken as true; *Held*, That the instruction, as an abstract proposition, was correct; but that the effect of it, was to submit to the jury a question that should have been determined by the court.

And where in such a case, the defendant asked the court to instruct the jury, "that a plea of not guilty was a sufficient denial of the plaintiff's petition, and was sufficient to put the plaintiff upon proof of every material allegation set up in his petition," which instruction the court refused to give; *Held*, That under the circumstances of the case—the record showing there had been a trial before the justice of the peace, and the objection to the sufficiency of the answer being made for the first time in the District Court, after the testimony was submitted to the jury—the instruction should have been given.

*Appeal from the Davis District Court.*

THIS action was commenced before a justice of the peace, to recover the possession of certain real estate, which the plaintiff alleges was forcibly detained by defendant. The petition avers, that he leased the disputed premises to defendant for a certain term, for so much rent per month; that by the lease, which was in writing, said defendant was to deliver to plaintiff the possession of the premises at the expiration of the term; but that the said term has expired, and defendant willfully holds over and refuses to quit the possession and deliver the same to plaintiff. To this petition defendant appeared, and answered in writing as follows:

" And now comes defendant, and for answer says, not guilty.

"JONES, for Defendant."

Jury trial before the justice—verdict and judgment for defendant. Plaintiff appealed, and on the trial in the District Court, the following instruction was given: that every material allegation in the plaintiff's petition, not specifically denied by the answer of the defendant, should be taken as true. · The following instruction asked by defendant, was refused: that a plea of not guilty was a sufficient denial of the plaintiff's petition, and was sufficient to put the plaintiff upon the proof of every material allegation set up in his petition. To the giving and refusing of which instructions, defendant excepted. Verdict and judgment for plaintiff; and the defendant appeals.

*M. H. Jones*, for the appellant.

*Knapp & Caldwell*, for the appellee.

WRIGHT, C. J.—As an abstract proposition properly construed, the instruction *given*, is most clearly correct. To it, as a rule, there can be no reasonable or just exception. The effect of it, however, is to submit to the jury a question that should be determined by the court. It is no part of the duty of the jury, nor have they any right to determine from the pleadings, what allegations are admitted or denied. When a question of this character is raised, it is the province of the court alone to examine the pleadings, and if any allegations are to be taken as true for want of the necessary denial, to so state to the jury. To permit the jury to construe the pleadings, should no more be allowed, than to submit to them the decision of the law arising in the case. Such a practice is opposed to the letter and spirit of our judicial organization. One controlling objection to such a course, not to mention others, is that the party prejudiced by an erroneous construction, would have no opportunity to review the same in the appellate tribunal. We have made these remarks, not because it is clear that in this particular case the laying down of the abstract proposition, so far prejudiced the defendant as to justify a reversal of the

case, but because we have observed that such instructions are frequently given, and that the erroneous practice is increasing.

A more important question, as applied to this case, arises on the instruction refused by the court. And as to this, we may say that the question presented, would have been more appropriately raised upon some objection made to the pleadings before trial, than by the asking of an instruction to the jury. As it stands and is presented, however, the simple point for our determination is, whether the answer of "not guilty," under the circumstances of this case, was sufficient to put the plaintiff upon proof of every material allegation contained in his petition.

Appellee maintains that this question is settled in his case, by the case of *Dunsmore* v. *Elliott*, 1 Iowa, 599. In that case, however, the answer set up affirmative matter, which, if proved, was sufficient to defeat plaintiff's action. To this answer there was no replication or response of any kind, nor any pretence that there was any. And it was accordingly held, that the answer not being denied, was to be taken as true. To make that case authority in this, is to assume or take for granted that there is no answer to plaintiff's petition, which is the very point in controversy, and to be determined.

Again: it is urged, that abstractly it was right to refuse the instruction; that the bill of exceptions does not contain sufficient to show that in this particular case the ruling was wrong. We cannot think, however, that this case comes within the class of cases relied upon by appellee. The record does show that defendant answered "not guilty." And notwithstanding this, the jury were told substantially, that such an answer was not sufficient to put the plaintiff upon proof of the material allegations of his petition—or, in other words, the doctrine laid down or recognized by refusing this instruction, is that the answer did not so specifically deny the affirmative allegations of the petition to which it should respond, as to prevent plaintiff's recovery, though he might introduce no proof, and in effect that such an answer

amounted to no defence whatever to' plaintiff's action. The instruction is not one that might be right or wrong, depending upon the state of the proof. For if it is said, that for aught that appears to the contrary, there was evidence fully sustaining every material allegation of the plaintiff's petition, the answer is, that the court could not for that reason refuse the instruction; for the sufficiency of the proof was a question for the jury, and not for the court. The question therefore remains, whether this instruction was properly refused, or whether the answer was sufficient under the circumstances, to put the plaintiff upon proof of the material parts of his petition. And did this question arise in a case originating in the District Court, we should perhaps not be unanimous. The case having been commenced before a justice of the peace—there having been there a full trial before a jury upon the issues joined, and the objection to the sufficiency of the answer being made, as far as shown from the record, for the first time, after the whole testimony was submitted to the jury in the District Court, we concur in holding that the instruction should have been given, or that the construction claimed for the pleadings by defendants, at that stage, was correct. In the case of *Sinnamon* v. *Millburne*, Dec. term, 1854, the record did not show that any denial of plaintiff's claim had been made before the justice, but the transcript made it sufficiently manifest that there had been a trial, and that defendant had resisted the plaintiff's demand at every stage of the proceedings. And it was there held, that "where there has been a trial of the cause before the justice, a general denial of indebtedness will be presumed, in the absence of anything to the contrary." The defendant was accordingly, under that rule, permitted to show payment, (following *Gilman et al* v. *Huber*, Dec. term, 1853,) and also a settlement of the matter in controversy, as shown by plaintiff's receipt, dated after the commencement of the suit. Upon the strength of that case, we think it clear that, if payment and settlement may be shown under a general denial, which has no existence except a presumed one, *a priori*, would the plea in this case, under the

circumstances, put the plaintiff upon proof of the material allegations of his petition. As in that case, so in this, the record clearly shows that there was a full trial before the justice, and that defendant resisted the plaintiff's right to recover at every step.

With a knowledge of the manner in which the pleadings and issues are made up in these inferior tribunals, and in view of the charity which should be exercised in reviewing their proceedings, we think a due regard to the rights of parties, would forbid our treating the answer in this case as no answer; and fully justify the true position, that under the circumstances, plaintiff should be required to prove every material allegation of his petition.

Judgment reversed, and trial *de novo* awarded.