## LYON v. BUNN.

An answer to a petition on a promissory note, which "denies that the defendant is indebted to the plaintiff in the sum named in the petition, or in any less sum, and that the defendant made and executed the

note described in said petition, as therein alleged," is sufficient to put in issue the execution of the note sued on, in the same manner as the plea of *non est factum* would have done, in an action of debt under the old system of pleading; and such allegations in an answer, are not irrelevant and redundant.

In order to make an issue as to the execution of an instrument, on which suit is brought, the first section of the act entitled "An act relating to evidence," approved January 24, 1853, does not require that the answer of the defendant, denying its execution, should be sworn to.

The act of 1853, gives to the defendant the privilege of denying the execution of the instrument sued on, under oath, and when he does so deny it, the burden is changed to the plaintiff, who must prove the execution.

And such an answer sufficiently denies, specifically, every material affirmative allegation of the petition, is directly responsive to the petition, and presents an issue of fact for trial.

*Appeal from the Polk District Court.*

SATURDAY, APRIL 10.

Suit on a promissory note. The defendant answered, denying the indebtedness claimed, and the execution of the note. Judgment was rendered for the defendant, on certain motions and a demurrer to the answer, filed by the plaintiff, from which he appeals. The other facts, appear in the opinion of the court.

*White & Waterman*, for the appellant.

*Bates & Phillips*, for the defendant.

STOCKTON, J.—The petition is framed upon a promissory note for four hundred dollars, and is substantially in the form given by the Code, section 2518. By his answer, the defendant "denies that he is indebted to plaintiff in the sum of four hundred dollars, as claimed in the said petition, or in any less sum; and denies that he made and executed the note described in the said petition as therein alleged."

1.—The plaintiff moved the court "to cause to be ex-
VOL. VI.      7

punged from the answer, so much thereof as denies the execution of the note sued on." This motion was over-ruled by the court. It is claimed by plaintiff, that so much of the answer as denies the execution of the note, the same not being under oath, raised no issue of fact, and is irrelevant and redundant, and that the court should have caused the same to be expunged under the Code, sec. 1753.

Under the law as it stood previous to the adoption of the Code, a party was not permitted to deny, on the trial, the execution of any instrument of writing on which suit was brought, unless such denial was under oath. Act of February 10th, 1843. Rev. Stat. 470, section 12. The signature to a promissory note was considered *prima facie* evidence of its execution; but when denied under oath, the party ·offering it in evidence, was required to prove the signature. Act of February 8th, 1843. Rev. Stat. 455, section 10. In *Chambers* v. *Games*, 2. G.·Greene, 320, it was held, under the acts above cited, that the plea of *non est factum*, although not sworn to, put in issue the execution of the note sued on, but did not cast upon the plaintiff the burden of proving its execution. No objection was taken, in that cause, to the plea, and it was treated as the general issue by the parties. The act of 1843, was repealed by the Code, in 1851; after which time, there was no statutory provision on the subject, until the taking effect of the act of January 24th, 1853, which provided that it should not be necessary for the plaintiff to prove the execution of a promissory note sued on, unless such execution was specifically denied by the defendant under oath. Session acts, 1853, chapters 108, 187, section 1.

We regard the answer in this case, as sufficient to put in issue the execution of the note sued on, in the same manner as the plea of *non est factum* would have done, in an action of debt under the old system of pleading. There is nothing to render such an issue inappropriate in this suit; and the matter of the answer complained of as irrelevant and redundant, is, in our view of the subject, responsive to the petition, and altogether pertinent. It

was not necessary, that the answer should have been sworn to, in order to make the issue on the execution of the note. The act of 1853, does not require it. It gives to the defendants, however, the privilege of denying the execution under oath; and when he does so deny it, the burden is changed to the plaintiff, who must prove the execution.

2. The plaintiff also moved the court to strike the answer from the files, on the alleged ground, that it does not contain a specific admission or denial of each affirmative allegation of the petition, and presented no issue of fact to the court. For the reasons before given, we think this motion was properly overruled. The petition alleges that the defendant executed and delivered to the plaintiff the promissory note sued on, for four hundred dollars, which note he alleges is due and unpaid, and asks judgment for the amount of the same. The answer is a denial of the execution of the note, and a denial of any indebtedness to plaintiff in the sum of four hundred dollars, or any less sum, as claimed in the petition. It is hardly necessary for us to point out, how directly responsive this answer is to the allegations of the petition.

3. The plaintiff demurred also to the answer, and the following causes of demurrer were assigned: 1. That the answer was not responsive to the petition, in as much as it was a plea of *nil debit* to an action of assumpsit; 2. That the execution of the note sued on, not being specifically denied, the answer presents no issue of fact to the court. The demurrer was properly overruled. The questions raised by it, are in no respect different from those previously raised by the plaintiff on his motions; except that it is now claimed that the petition is in assumpsit, and the answer is a plea of *nil debit*. As all technical forms of action and of pleadings are abolished by the Code, and as plaintiff's petition is substantially in the form given by the Code, we do not perceive that there is any justice in the claim now made, that the action is in

assumpsit. The petition assumes as nearly the form of a declaration in debt on a simple contract, as it does a declaration in assumpsit; and as the answer, by a fair and natural construction, shows a substantial cause of defence, it was not liable to the objections made to it on the demurrer.

Judgment affirmed.