## FANNON v. ROBINSON.

1. SUBSTITUTION OF PARTIES. Where, while an action on a promissory note was pending, the note was transferred by·indorsement to another party, *held,*

1. That upon motion properly sustained, the indorsee could be substituted as plaintiff in the place of indorser.

2. That such transfer and substitution could not operate to prejudice the defendant's defence to the action as it originally stood.

3. That the indorsee can not be substituted, where he could not have maintained an action in his own name, had the transfer been made before the commencement of the pending suit.

2. EXECUTION OF A NOTE: DENIAL. The denial of the execution of a promissory note, raises an issue, even when the denial is not under

oath, following *Lyon* v. *Bunn*, 6 Iowa 48; *Seachrist* v. *Griffeth*, Ib. 390; and *Wolff & Hoppe* v. *Hagensick*, *infra*.

3. INSTRUCTIONS. While it is the province of the court to determine from the pleadings what allegations are admitted and what denied, directions as to such admissions and denials will be given to the jury only when the condition of the pleadings renders it necessary; explaining *McKinney & Hartman*, 4 Iowa 154.

*Appeal from Winnesheik District Court.*

MONDAY, JANUARY 2.

THE facts are stated in the opinion of the court.

*E. E. Cooley* for the appellant, contended that there was no authority to substitute, and that the action after the indorsement should have been continued in the name of the original plaintiff. Code of 1851, sections 1698 and 1699. As to the points raised on the pleadings and instructions, he cited chapter 108, section 1, Laws of 1852–3; 1 Greenl. Ev. section 26; 1 Barb. 526 and 537; 1 Stark. Ev. 127; 23 Wend. 425; 9 Cranch. 388; 1 John. 97; 1 Phil. Ev. 290; 4 Iowa 154.

*Noble & Drummond* for the appellee.

WRIGHT, C. J.—This action was originally brought in the name of Gilliam, to recover the amount of a promissory note, payable to him or bearer. Subsequent to the commencement of the action, the note was sold and delivered to the plaintiff, Fannon. This fact being established, and a motion made to that effect, Fannon's name was substituted as plaintiff, to which defendant objected.

To this course in this case we can see no valid objection. Actions are to be prosecuted in the name of the real party in interest. In actions at law this means the party having the *legal* interest. If pending the action there has been a valid transfer of the legal interest in the note, there is no impropriety in making the substitution. Such substitution, how-

ever, is in no manner to prejudice the defendants defense to the action as it originally stood; nor is it to be made unless the holder could have sued in his own name, if the transfer had been made before the institution of the suit.

The answer avers that the defendant had made to the plaintiff *full payment of the note*. The replication denies this in the very language employed in the answer. Under the issue thus made, the defendant asked the court to instruct the jury, that there was no sufficient denial of plea of payment. The replication, however, was as broad as the answer. Had the answer been different, a corresponding change in the replication might have been necessary. The instruction was properly refused.

Defendant pleads a set-off, claiming upon a note of five hundred dollars, made by Gilliam to him. The execution of the note is denied under oath, by both the original and substituted plaintiff, the latter swearing according to his information and belief, the other of his own knowledge. It seems that the determination of the case, in the court below, turned mainly upon the question whether this was a subsisting debt. The jury were instructed that if Gilliam did not execute the note for $500, or if he did and it had been paid, they would find for plaintiff for the amount of the note sued on with interest. On the other hand, the jury were instructed to find for defendant, if they believed that Gilliam did execute the note, and it had not been paid. Defendant also asked the court to instruct that the execution of this note was not sufficiently denied under oath, and that it was not necessary, therefore, for the defendant to prove it, *but that the execution must be taken as admitted*. This instruction was refused and defendant excepted.

Defendant insists that as the present plaintiff only denies, the execution of the note "according to his information and belief," such denial is not sufficient to put him upon proof of the execution of the same. Admit this to be true, and that the objection to such insufficient denial could be taken after the cause had been heard upon proof, and further that

the sworn denial of Gilliam is to weigh nothing—we say admit all these assumptions, and the instruction was nevertheless properly refused.    The instruction in view of the actual attitude of the case, asks too much.    The failure to answer under oath, would not have the effect of *admitting* the execution of the note.    *Lyon* v. *Bunn,* 6 Iowa 48 ; *Seachrist* v. *Griffeth,* Ib. 390; *Wolff & Hoppe* v. *Hagensich, infra.*    A denial though not sworn to puts in issue the execution so far as to prevent it from being taken as admitted.

The defendant requested the court to instruct the jury what facts were admitted and what denied by the pleadings. This the court refused to do, and that refusal is now complained of as error.

The case relied upon by counsel, *McKinney* v. *Hartman,* 4 Iowa 154, does not go to the extent claimed.    It is there held that it is the province of the court and not of the jury to determine from the pleadings, what allegations are admitted or denied.    But because this is the proper province of the court, it by no means follows that directions are to be given, upon the subject of denials and admissions, in every case.    In a proper and necessary case the court is to inform the jury specifically as to the issues involved, and not leave it to them to determine what they are.    When the necessity for such a course does not exist, no such directions can be asked as a matter of right.

In this case the defendant pleads payment; failure of consideration; a set-off of $500 for money due on the note before referred to; of $500 for the use and occupation of a saw mill; $100 for the use and occupation of a store building; $700 for money had and received to defendant's use; and $213 for goods, wares and merchandise sold and delivered. To this answer there was a replication, then a rejoinder, and to this a sur-rejoinder.    And yet, notwithstanding all this prolixity of pleading, it seems that the contest narrowed down to the inquiry, whether Gilliam executed the $500 note; if he did, whether it had been settled or paid.    Under such circumstances it was manifestly unnecessary for the court to

inform the jury what was admitted and what denied by the several pleadings. Upon the *issue tried*, the instructions, as far as we can see, were sufficiently specific and clear.

Judgment affirmed.