## HAWKE & BRO. v. URBAN *et ux.*

1. **Venue: HUSBAND AND WIFE.** An equitable proceeding against a husband and wife jointly to recover judgment for provisions, clothing, &c., properly included in the term "expenses of the family," and to make the same chargeable upon the property of the wife, is a proceeding for the sale of real property under a *charge*, and under § 2795 of the Revision of 1860, may be brought in the county in which the property is situated.

*Appeal from Mills District Court.*

WEDNESDAY, DECEMBER 21.

THIS is an action in equity, brought in Mills county by the plaintiffs, who are merchants, against the defendants, who are husband and wife, for flour, groceries, dry-goods

and other merchandise sold to defendants, at the request of defendant Mary, and which were furnished for the ordinary and necessary use of the family. The petition alleged that the husband was insolvent, and that the wife owned certain real estate in Mills county, upon which plaintiffs asked that their claim should be declared a lien and enforced as such.

The court, on motion of defendants, before answer, changed the venue to Des Moines county, where defendants reside and were served, and awarded them (Rev., § 2802) fifteen dollars for attending at the wrong county. From this order plaintiffs appeal.

*Dews & Watkins* for the appellants.

*Tracy & Newman* for the appellees.

COLE, J.—The correctness of the order awarding a 1. VENUE: change of venue, is the only question presented husband and wife. for our determination.

Our statute declares (Rev., § 2800) that except where otherwise provided, personal actions must be brought in a county wherein some of the defendants actually reside. It is then provided (§ 2795) that certain actions may be brought in the county in which the subject of the action is situated, and among others, actions for the foreclosure of a mortgage, or for the sale of real property under any incumbrance or *charge*. The statute further provides (Rev., §2802) for a change of venue, when brought in the wrong county.

If this is a personal action, the order for a change of venue was correctly made; but if it is properly brought for the sale of real property under any charge, then the order was erroneous.

At common law the wife could not be sued in a personal action; but as to her rights and liabilities, both at common

law and under our statute, generally and fully, see *Jones* v. *Crosthwaite*, 17 Iowa, 393, and *Patton* v. *Kinsman*, Id., 428, and authorities there cited. The only contracts upon which a wife may be made liable in a personal action, under our statute (Rev., §§ 2505, 2506) are those made by a wife in relation to her separate property, or those purporting to bind herself only.

But it is provided (Rev., § 2007) that the expenses of the family, the education of the children, and such other objects as come within the equity of this provision, are *chargeable* upon the property of both husband and wife, or *of either of them*, and in relation thereto they may be sued jointly, or the husband separately.

This action was brought in equity against the husband and wife, jointly, to recover judgment for provisions, clothing, &c., properly included in the term, " expenses of the family," and certainly within the equity of the provision, and to make the same chargeable upon the property of the wife. Without now deciding directly, that the wife or her property could not be liable in any other action, we have no hesitation in holding that this action, being brought to foreclose a charge upon real property, was properly brought in Mills county where the land was situated.

The order for the change of venue will, therefore, be reversed and the cause remanded, with directions to proceed in the action in the county of Mills.

Reversed.