Fitzgerald v. McCarty.

## FITZGERALD v. McCARTY ET AL.

1. **Evidence:** BOOKS OF ACCOUNT: ORIGINAL ENTRY. The fact that a ledger, to which accounts are transferred from other books. contains a single original entry does not render it a book of original entry, and it is inadmissible in evidence to prove even the fact shown by such entry.

2. **Practice:** INSTRUCTIONS: STATEMENT OF ISSUES. An instruction referring the jury to the pleadings for a statement of the issues to be determined by them is erroneous.

3. **Husband and Wife:** FAMILY EXPENSE: WHAT CONSTITUTES. To constitute a family expense, chargeable on the property of both husband and wife, an article must not only have been bought for family use, but actually used in the family.

4. ——: ——. A wife cannot be charged with attorney's fees and interest at ten per cent on a debt for which she is chargeable as a family expense, because her husband has given a note stipulating therefor.

*Appeal from Palo Alto Circuit Court.*

WEDNESDAY, APRIL 20.

THE defendants are husband and wife, and this action was brought to recover against both for goods, wares and merchandise sold, on the ground the same was chargeable against both as a family expense. For the balance claimed to be due on one

of the accounts it was alleged in the petition the defendant, Martin McCarty, had given his note. The execution of the note was denied under oath. There was a trial by jury, judgment against both defendants, and they appeal.

*T. W. Harrison*, for appellants.

*Crawford & Soper*, for appellee.

SEEVERS, J.—I. Against the objections of the defendants the plaintiff was permitted to introduce in evidence his books of original entry, and also his ledger. It is said by counsel for appellee the latter was admitted for the purpose of facilitating an examination of the accounts which were scattered, through several books of original entry. The difficulty is the record does not show the ledger was admitted for, or limited to, this purpose. All that appears is that it was admitted in evidence. This being so, the presumption must follow it was admitted for all purposes. There could be no objection to counsel taking the ledger, and by its aid, in presence of the jury, the more readily find the items charged in the accounts in the books of original entry. For this purpose it was unnecessary to introduce the ledger in evidence.

II. The plaintiff testified the defendant, Martin McCarty, executed his note in settlement of one of the accounts, and 1. EVIDENCE: books of account: original entry. that he had made an entry thereof in his ledger, and nowhere else. As to this entry it is insisted the ledger is the book of original entry, and, therefore, as to such item said book was properly admitted in evidence. So far as shown, the item aforesaid is the only one in the ledger which is claimed to be an original entry, and that the plaintiff kept books in which were duly entered his daily transactions clearly appears. The ledger, therefore, is not and cannot be considered a book of original entry, and was inadmissible in evidence.

It is urged by counsel the entry aforesaid was made in the presence of the defendants, and for that reason the ledger was

admissible. It is sufficient to say the record fails to disclose such a state of facts.

III. The court instructed the jury as follows: "1. For a full statement of issues is this case, you are referred to the

*2. PRACTICE instruction: statement of issues.* pleadings, the petition and answer, which are hereby made a part of these instructions. 2. The material inquiry in the pleadings is, first, as to how much is due plaintiff on his claims and accounts, and second, for how much, if any, of the plaintiff's claim is Mary Ann McCarty, wife of her co-defendant, liable?"

In *McKinney v. Hartman*, 4 Iowa, 154, it was held to be the duty of the court to determine what issues were made by the pleadings, and that the jury could not rightfully do so. This case has been repeatedly followed. See *Beebe v. Stutsman*, 5 Id., 271; *Reid v. Mason*, 14 Id., 541; *Pharo v. Johnson*, 15 Id., 560; *Little v. McGuire*, 43 Id., 447; *Hempstead v. City of Des Moines*, 52 Id., 303. In *Fannon v. Robinson*, 10 Iowa, 272, the rule above stated was recognized, but is was said it did not necessarily follow the court must in every case state specifically what the issues were; that this was only required where is was necessary and proper to do so. There may be cases where a simple instruction may sufficiently present the question to be determined by the jury, without reference to the pleadings or the issues tendered therein.

To unnecessarily state the issues, in such a case, would probably tend to prolixity instead of clearness. In *Potter v. C., R. I. & P. R. Co.*, 46 Iowa, 399, it was held if the court undertakes to state the issues it should do so fully.

We cannot conceive of a case in which the first instruction given would be proper, for the court recognizes the fact that there are issues to be determined by the jury, and says to them, you must ascertain what such issues are by an inspection of the pleadings. Such instruction in our opinion is erroneous. Nor is the error cured by the second instruction, because the issues are not fully stated therein, it not

being stated there was an issue as to the execution of the promissory note, which was strongly contested, and in subsequent instructions this was recognized.

IV. The court gave the jury the following instruction: " 6. The only criterion in ascertaining what is a 'family expense' is the determination of the question whether the expenditure was for the family; was it incurred for, on account of, and to be used in, the family? With this explanation it applies to the expenses of the family without limitation or qualification as to the kind or amount. And in this case and under this rule you should determine what items of account are or are not a family expense."

The statute provides that " the expenses of the family  *

3. HUSBAND * are chargeable on the property of husband
and wife:
family ex- and wife, or either of them." * * *
pense: what
is. Code, § 2214. It will be seen that what are family expenses is not defined. It follows this must be done by the court or jury in each particular case. The record fails to show what items set forth in the accounts were claimed to be family expenses by the plaintiff, and denied to be such by the defendants. All we can do, therefore, is to determine whether the proper rule for the guidance of the jury is laid down in the foregoing instruction.

It seems to have been drafted with reference to, and in accord with, *Smedley v. Felt*, 41 Iowa, 588, except that if the expenditure was " incurred for, on account of, and to be used in the, family it became a family expense." No such question was before us in the cited case, as it was conceded therein the property had been used by and in the family.

In the case at bar we think the instruction should have gone one step further, and the jury instructed it was essential to constitute a family expense the thing for which the expenditure incurred should have been used or kept for use in the family. It is the " expenses of the family " which, under the statute, are chargeable on the property of both husband and wife. This implies, we think, the expense must have

VOL. LV—45.

been incurred for something used in the family or kept for use, or been beneficial thereto.   Under the instruction given it is sufficient if an article was purchased for, on account of, and with the intent to be used in the family, although never used therein or by any member of the family.

We do not think this is the intent of the statute, and there will not be any more difficulty in establishing an article was used in the family, than that it was purchased "on account of, and to be used" in the family.

V.   The court gave the following instruction to the jury: "7.   A promissory note given in settlement of an account for family expenses may be enforced against the wife.   And if you find the note set out in the petition was given as claimed by plaintiff in settlement of the balance due at its date of an account for family expenses, in whole or part, then to the extent that such note was given for family expenses it should be enforced against Mary Ann Mc-Carty."

As the note referred to bore interest at the rate of ten per cent the jury, under the foregoing instruction, were authorized to allow such rate as against Mrs. McCarty.   This they did, and the court rendered judgment against her for the amount of attorney's fee.   It is quite clear, we think, Mrs. McCarty was not bound to pay the attorney fee, and the same was not a legitimate charge on her property, because, in this case at least, it cannot be regarded as a family expense.   Nor do we think her property can be made liable for ten per cent interest on the note.   She did not agree in writing to pay such interest, and this is essential under the statute before such rate of interest can be recovered.   Code, § 2077.

It is true that such rate of interest was recovered in the District Court, in *Smedley v. Felt*, before cited, and that such judgment was affirmed by this court.   But the only question presented to us was whether the demurrer had been correctly ruled upon in the District Court.   The question whether there could be a recovery at all against Mrs. Felt was

the only question before us. The extent of the recovery was not presented.

Conceding any particular expenditure is a family expense it becomes such at the time it is incurred. The amount is then fixed, and neither the husband or wife can thereafter by any act of theirs increase such amount or charge against the property of the other. If the interest in question had been stipulated for at the time the expenditure was incurred this might present a different question.

There are other errors assigned which it is deemed unnecessary to determine, as they will not likely occur on a retrial of the action. We deem it proper, however, to say the error assigned on the overruling of the motion to divide and separate the causes of action, and to require the plaintiff to elect on which he would rely, was waived by filing the answer. The demurrer to the amendment to the petition was properly overruled.

REVERSED.