Judgment reversed.

## Carl G. Von Platen et al.
### v.
### Ernst Krueger.

Husband and Wife—Liability of Wife for Expenses of Family. —In construing the statute making the wife's separate property liable for debts incurred for expenses of the family; *held*, that the words "expenses of the family" mean such expenses as were incurred for, on account of and to be used in the family, and what would be included in the term must, within the above limitation, be determined by the circumstances of each case.

Error to the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding. Opinion filed November 29, 1882.

Messrs. Moses & Newman, for plaintiffs in error; as to what is not considered a family expense, cited McCormick v. Murth, 49 Iowa, 536; Russell v. Long, 52 Iowa, 250.

Provisions, clothing, shoes, etc., are considered within the statute: Rodemeyer v. Rodman, 5 Iowa, 426; Hawke v. Urlban, 18 Iowa, 83; Lawrence v. Sinnamon, 24 Iowa, 80; Smedley v. Felt, 41 Iowa, 588; County of Delaware v. McDonald, 46 Iowa, 170; Farrar v. Emery, 52 Iowa, 725; Jones v. Glass, 48 Iowa, 345.

Mr. Clarence F. Dore, for defendant in error; as to the. liability of the wife under the statute, cited Jones v. Glass, 48 Iowa, 345; Rodemeyer v. Rodman, 5 Iowa, 426; Smedley v. Felt, 41 Iowa, 588.

Bailey, P. J. This was an action of assumpsit, brought by Ernst Krueger against Carl G. Von Platen and Pauline Von Platen, his wife, to recover for work, labor and services. By

the original declaration the defendant alleged that the services sued for were performed by him for the defendants jointly under a joint contract with him. Subsequently, an amended count was filed, alleging that the defendants were husband and wife, and that the plaintiff, at the special instance and request of said Carl G. Von Platen, and in consideration that he should receive certain wages which said Carl G. Von Platen then and there agreed to pay him, entered into the service of the defendants as a servant in and for their family, and in and about the premises occupied by them as their home, and performed the labor and services sued for as their family servant, and that, by virtue of the statute, the defendants became jointly liable to pay him for his said services.

The evidence shows that the plaintiff was hired by said Carl G. Von Platen in August, 1875, to work for certain wages, and worked under such employment from August 13, 1875, to August 17, 1880. The amount of wages agreed to be paid him is in dispute, and this suit is brought to recover the portion of his wages thus in controversy.

It appears that Carl G. Von Platen, during the time the plaintiff was in his employ, was engaged in the business of a coal merchant, and also of a liquor dealer. The evidence also shows that the plaintiff, during the period above mentioned, served the defendants, part and perhaps most of the time, as a family servant, but during a portion of the time he worked for the defendant, Carl G. Von Platen, in and about his coal and liquor business.

Among the instructions given to the jury on behalf of the plaintiff was the following:

1. "The jury are instructed for the plaintiff, that the expenses for the family are chargeable upon the property of both husband and wife, and in relation thereto they may be sued severally or together; that expenses for the family mean such expenses for the comfort, convenience and welfare of the family as are suitable and proper for their condition in life, and that the wife will be bound by all contracts made by her husband with reference to such expenses as may be necessary and proper for such family, considering their condition in life."

The propriety of this instruction is the only question we need now consider. The fifteenth section of the statute in relation to husband and wife is as follows: "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of the creditors therefor, and in relation thereto they may be sued jointly or separately." The instruction assumes to give a definition of the words, "expenses of the family," as used in the statute, and the question is as to the correctness and sufficiency of that definition.

The above section of the statute has not, so far as we are aware, received judicial construction in this State. Said section seems to have been copied literally from a statute of Iowa which has long been in force, and we find a number of decisions in that State in which its provisions have received careful consideration. In Smedley v. Felt, 41 Iowa, 588, the question was, whether a piano was such family expense as was within the contemplation of the statute. The court in deciding this question in the affirmative, say:

"The statute does not limit the liability of the property of the wife to expenditures for necessary family expenses. It applies to the expenses of the family without limitation or qualification as to kind or amount. Whether it was wise for the Legislature to so extend the liability of the wife, is a question with which we have nothing to do. It may be that the Legislature intended to avoid the question which otherwise would have been constantly recurring, and which always would have been of difficult solution, as to whether or not a particular expense, in view of the circumstances of the case, was a necessary one. What is necessary depends very much upon the wealth, habits and social position of the party. What is a family expense depends upon none of these conditions. If the courts should undertake to classify family expenses into those which are and those which are not a charge upon the property of both husband and wife, they would soon find themselves involved in an intricate and uncertain maze. * * The only criterion which the statute furnishes is: Was the expenditure a family expenditure; was it incurred for, on account of, and to be used in the family?"

In Fitzgerald v. McCarty, 55 Iowa, 702, the court added to the criterion above laid down the further qualification, that to constitute a family expense, the thing for which the expenditure was incurred should have been actually used or kept for use in the family.

In Finn v. Rose, 12 Iowa, 565, a cook stove and fixtures, when purchased for and used in the family, was held to be a family expense. So, of provisions and clothing furnished for the family. Hawke v. Urban, 18 Iowa, 83. On the other hand a reaping machine, although it might assist the husband in supporting his family, was held not to be a family expense. McCormick v. Muth, 49 Iowa, 536. In this case the court say: "The expenses of a family are something quite different from whatever may contribute, either remotely or directly, to the support of the family. The merchant purchases goods on credit and, by selling them at a profit, supports his family; or a farmer purchases cattle on credit and, by selling them at a profit, contributes to the comfort and support of his family. But the indebtedness so contracted does not, we think, become a family expense."

On the same principle, a breaking plow was held not to be a family expense. Russel v. Long, 52 Iowa, 250. Also money borrowed and actually used to pay family expenses. Davis v. Ritchey, 55 Iowa, 719. Also attorney's fees and interest. Fitzgerald v. McCarty, *supra*. In County of Delaware v. McDonald, 46 Iowa, 170, it was held that the expenses incurred in the treatment of an insane wife in a hospital for the insane was not a family expense, within the meaning of the statute.

In the light of these decisions, it is clear that the definition of family expenses attempted by the instruction, is erroneous in at least two respects. In the first place, it limits family expenses to such as are suitable and proper for the family considering their condition in life; a limitation which, as we have seen, is not warranted: It is true this is an error of which the plaintiff in error in this case can not complain, because, as it is a limitation and restriction upon the scope of the statute, it is an error in his favor. But, on the other hand, the definition includes all " expenses for the comfort, convenience and welfare of the family," with only the limitation above men-

tioned. This is clearly too broad. Many expenditures may contribute, directly or indirectly, to the comfort, convenience and welfare of a family, which in no proper sense can be denominated family expenses. All successful business enterprises of the husband may, and usually do, contribute, both directly and indirectly, to the comfort, convenience and welfare of the family. He thereby obtains the means of supporting them and defraying their expenses. It can not, however, be said that expenditures in the pursuit of such business enterprises are therefore family expenses.

It appearing that a part of the services for which this suit was brought were rendered to Carl G. Von Platen, in and about his coal and liquor business, it is clear that the services so rendered were not a family expense. The jury, however, may have taken the view that the prosecution of such business contributed to the comfort, convenience and welfare of the family, and if so, they were warranted by the instruction in finding that the services rendered by the plaintiff in and about its prosecution was an expense of the family. In this respect the instruction was calculated to mislead the jury, to the prejudice of the plaintiffs in error.

The criterion for determining what are expenses of the family, within the meaning of the statute, laid down by the Supreme Court of Iowa, seems to us to be entirely sound and satisfactory, and we are inclined to adopt it.

For the error in giving the instruction, the judgment will be reversed and the cause remanded.

Judgment reversed.