# WILLIAM C. COLE
## v.
# JANE BENTLEY.

*Husband and Wife—Family Expense—Sec. 15. Chap. 68, R. S.—Physician's Services in Last Illness of Husband—Statute of Another State—Adoption—Construction.*

1.  The bill of a physician for services rendered at the request of the husband to himself in his last illness, is a family expense within Sec. 15, Chap. 68, R. S., for which an action will lie against the widow to charge her separate property.

2.  Where a statute is copied from the statutes of another State, it is presumed to have been adopted with the construction given to it by the courts of that State.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Morgan County; the Hon. W. T. LAYMAN, Judge, presiding.

Messrs. KETCHAM & HATFIELD, for appellant.

The language of the statute is general, and it applies to the expenses of the family without limitation or qualification as to the kind or amount. Whether it was wise or just for the Legislature to so extend the liability of the wife is a question with which the courts have nothing to do. It may be the Legislature intended to avoid the question which otherwise would be constantly recurring and which always would be difficult of solution, as to whether or not a particular expense in view of the circumstances of the case was a necessary one. What is a necessary expense depends very much upon wealth, habits and social position of a party; what is a family expense depends upon none of these conditions, and the only question is whether the article furnished or service rendered is a family expense. The only criterion which the statute furnishes is: Was the expenditure a family expenditure; was it incurred for, on account of, and to be used in the family? Rodemeyer

Cole v. Bentley.

v. Rodman, 5 Iowa, 426; Finn & Co. v. Rose et ux., 12 Iowa, 565; Lawrence v. Sinnamon et ux., 24 Iowa, 80; Case v. Semple, 13 Iowa, 596; Smedley v. Felt, 41 Iowa, 588; Smedley v. Felt, 43 Iowa, 608; Fitzgerald v. McCarty et al., 55 Iowa, 572; Devendorf & Mann v. Emerson, 66 Iowa, 699.

Mr. G. W. SMITH, for appellee.

PLEASANTS, J. This action was commenced before a Justice of the Peace, against a widow, to charge her separate property for services as a physician rendered to her husband in his last illness. Plaintiff had been the family physician but was not at the time of these services. That they were rendered, and at the request of the deceased, and were of the value claimed, was not disputed, the only question made being whether they constituted a family expense within the meaning of Sec. 15 of Ch. 68, R. S., which declares that "the expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of the creditors therefor, and in relation thereto they may be sued jointly or separately." The County Court, on appeal, held they did not, and rendered judgment for the defendant, which holding and judgment are here assigned for error.

We are not aware of any case precisely in point. The only reported decision in Illinois upon the construction of this language is that of Van Platen v. Krueger, 11 Ill. App. 627, in which it was held that services rendered to the husband in and about his business were not of this character. The section was copied from the code of Iowa, and is, therefore, presumed to have been adopted with the construction given to it by the courts of that State; and numerous decisions there made illustrate, both positively and negatively, their view of its scope and meaning, but, so far as we are advised, no case strictly analogous to the one at bar has yet arisen there. It has been held that food, clothing, medicine, household and kitchen furniture (Finn v. Rose, 12 Iowa, 365, and Hawke v. Urban, 18 Iowa, 83), a piano (Smedley v. Felt, 41 Iowa, 590), an organ

(Frost v. Parker, 65 Iowa, 178), and even a lady's watch and chain and other smaller articles of jewelry (Marquardt v. Flanger, 60 Iowa, 148), provided for use and actually used in and by the family, were within the statute; but otherwise as to a reaping machine (McCormick v. Muth, 49 Iowa, 536), a breaking plow (Russell v. Long, 52 Iowa, 250), attorney's fees (Fitzgerald v. McCarthy, 55 Iowa, 702), and a claim by the county for expenses of treating an insane wife in the State hospital (County of Delaware v. McDonald, 46 Iowa, 170), and it was declared, generally, that family expenses embraced whatever were incurred for and on account of the family and for anything ordered and used or kept for use in it, whether necessary or suitable to its condition or not. Fitzgerald v. McCarty, *supra*.

This general statement does not cover the case at bar, and those cited as recognizing food and medicine probably differ from it in that those articles were provided for the use of the family, that is, of all the members of it as individuals alike. Here the services were directly intended for and rendered, and available to the husband exclusively, as an individual. Therefore, if they are family expenses it must be for another reason or on another principle.

Webster defines a family as "the collective body of persons who live in one house, and under one head or manager; a household, including parents, children and servants, and, as the case may be, lodgers or boarders." Worcester says: "Persons collectively who live in a house or under one head; household."

The elements of the family thus consisting of certain persons in certain relations, the loss of any member by death, or the severance by other means of these relations, must affect the collective body in its composition and constitution. Any expense incurred by order of the head or manager of this body, or by his authority, express or implied, to maintain it in being as then constituted, although in one sense personal to the member whose relations were threatened, would seem to be in another and proper one a family expense.

Of this character were the services here in question. They

were rendered to the husband, by his order, while sustaining relation of head to this body and as necessary to its continuance. It is on this principle that food, clothing and all other necessaries of life for the several members while in that relation, though provided for each respectively, and available to no other as an individual, are proper family expenses. And for the same reason services rendered or articles furnished to the husband in and about his business are not. His relation to his family is not affected by the particular business in which he is engaged, nor by his success or failure in it, though the condition of the family may be, indirectly, as it may by his gratification or disappointment in respect to his merest personal whim.

We are of opinion that the County Court erred in its holding and in its judgment, which will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*