## SARAH GLAUBENSKLEE
### v.
## LYMAN W. LOW.

*Husband and Wife—Family Expense—Sec. 15, Chap. 68, R. S.—Physician's Services—Statute of Another State—Adoption — Construction— Evidence.*

1. A wife is liable under Sec. 15, Chap. 68, R. S., for services rendered the family by a physician, although charged on the plaintiff's books to her deceased husband.

2. Where a statute is copied from the statutes of another State, it is presumed to have been adopted with the construction given to it by the courts of that State.

[Opinion filed October 19, 1888.]

In error to the Circuit Court of Edwards County; the Hon. Carrol C. Boggs, Judge, presiding.

Messrs. J. M. Campbell and H. J. Strawn, for plaintiff in error.

The Supreme Court has never construed this statute, bu the Appellate Court has. In the case of Carl G. Von Patten et al. v. Ernest Krueger, 11 Ill. App., page 627, the court say that the words, expenses of the family, "mean such expenses as were incurred for, on account of and to be used in the family." And in the case of Fitzgerald v. McCarty, 55 Iowa, page 702, and which seems to have been adopted by the Appellate Court, the court say: "The thing for which the expenditure was incurred should have been actually used or kept for use in the family." In view of the fact that this statute is in derogation of the common law and must be strictly construed, the above rule is the proper one to apply to ascertain the meaning of this statute. Applying this rule, then, the thing should have been actually used or kept for use in the family. Does professional advice of a physician come within this rule any more than that of a lawyer? And we apprehend that no one would contend for a moment that the fees of an attorney would be held to be a family expense under this statute, and yet there would seem to be about as much reason for one as the other. How can the advice of the physician or his visit be kept for use in the family? And yet the court will see from the bill that there is item after item for advice, etc.

In the case of The County of Delaware v. McDonald, 46 Iowa, 170, it was held that the expense incurred in the treatment of an insane wife in a hospital for the insane was not a family expense within the meaning of the statute. Upon the same points of reasoning it would seem that the expenses incurred in the treatment of the husband would not be a family expense under the law, or the treatment of or the giving of advice to any other member of the family. If this is true, the court erred in refusing propositions of law, entering judgment and overruling motion for new trial.

Again, this statute, as we have seen, charges the property of both the husband and wife, or either of them, with the expenses of the family; but suppose that the creditor makes the charge, as in this case, and wholly relies upon the one that he contracts with. Does he not release the other from the liability? or can he open an account with the husband and keep it open and running for eight or more years, or until the husband dies or becomes insolvent, and then say to the wife for the first time that she must pay it because the law in the first instance perchance charged or might have charged her property with it? This construction of the statute would certainly be very harsh, unjust and unreasonable. Our view of the law is that the property of both husband and wife *may* be chargeable with expenses of family, or either of them, and not "shall;" that is, the law gives him the right to charge the account to both or one of them, and that if he sees fit to charge it to one of them he releases the other. Any other rule of construction would be giving the advantage wholly to the creditor, which the law is not supposed to do, but to deal fairly and justly between them. Especially do we believe that this was the intention of the Legislature when we take into consideration the fact that this statute must be strictly construed. This construction would not permit the creditor to take all the benefits and advantages, but deal justly.

Messrs. R. P. Hanna, Wm. F. Foster and L. W. Low, for defendant in error.

This section of the statute is a literal copy of the Iowa statute, and has frequently received judicial construction in that State. And while the Supreme Court of the State has not had occasion to construe the statute in question, the Appellate Court has; and in Von Platen et al. v. Krueger, 11 Ill. App., page 627, express entire satisfaction with the effect given to the statute by the courts of Iowa.

Both of these propositions have been so effectually settled by the decisions of the Supreme Court of Iowa that they do not now seem to be the subject of controversy.

First. Are medical services "family expenses?" On this point see Von Platen v. Krueger, 11 Ill. App. 627; Fitzgerald

v. McCarty, 55 Iowa, 702; Finn v. Rose, 12 Iowa, 565; Hawke v. Urban, 18 Iowa, 83; Lawrence v. Linnaman, 24 Iowa, 80; Frost v. Parker, 65 Iowa, 178.

Second. Does the fact that the items were charged originally to Henry Glaubensklee release the plaintiff in error?

On this proposition, we contend that this is a liability created by law, and not by contract; and as soon as goods are furnished or services rendered that come within the statute, the liability of both the husband and wife attaches *eo instanti*, and neither party can be released from liability except in some of the modes known to the law, such as payment, statute of limitations, etc. Smedley v. Felt, 41 Iowa, 588; Lawrence v. Linnaman, 24 Iowa, 80; Frost v. Parker, 65 Iowa, 178.

Green, P. J. Lyman W. Low, a physician, brought suit against plaintiff in error in assumpsit, to recover the amount alleged in his declaration to be due him, "for necessaries for herself and family; medical attendance, advice and medicine furnished by him to and for herself and family." The only plea interposed was non-assumpsit, and upon this plea issue was joined. The cause was tried by the court without a jury. The trial resulted in a finding and judgment for plaintiff for $599.94, to reverse which judgment the defendant sued out this writ of error.

By the evidence it was shown plaintiff was a practicing physician, and as such, furnished medicine to and attended the family of defendant many times from May, 1878, to May, 1885, the family during that period consisting of the defendant, her husband and several children. The husband died in 1886. Plaintiff's book of account contained an account against the husband for this medical bill, the charges for professional visits and medicine were shown to be reasonable, and it is not insisted the amount recovered is excessive.

This suit was brought and a right to recover was claimed by the plaintiff below upon the theory that the professional services of a physician and medicine furnished by him to a family, are "expenses of the family" within the terms of Sec. 15, Chap.

68, Starr & C. Ill. Stat. p. 1279, which provides as follows: "The expenses of the family and of the education of the children shall be charged upon the property of both husband and wife, or either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

It is urged on behalf of plaintiff in error the trial court erred in admitting under the averments in the declaration against the objection of defendant the evidence introduced on behalf of plaintiff, first, because of the failure to aver that the medical bill sued for was a family expense, and that defendant became liable to pay it by operation of law; second, because in the declaration it is averred the defendant is indebted to plaintiff, and by the evidence admitted it appears her husband in his lifetime contracted the debt sued for, and that it was charged to his account on the book of plaintiff. Doubtless the averments in the declaration could have been so framed as to more clearly and explicitly set out a cause of action under the section quoted, and if defendant had demurred an amendment would probably have been made removing any obscurity in the declaration in that regard; but inasmuch as issue was joined, upon which a trial was had resulting in a finding and judgment, unless the declaration failed to aver a cause of action, which the evidence admitted was relevant to prove, the objection can not be sustained, and we think the declaration was not so radically defective as to preclude the plaintiff's right to introduce the evidence objected to. It is substantially averred therein that professional services and medicine were furnished by plaintiff to and for defendant and his family; these are family expenses, within the scope and meaning of the statute, for which the defendant as a wife became and was legally liable to plaintiff; nor was this legal liability removed by charging her husband on the books of plaintiff with the same medical bill. The legal liability of the husband and wife for expenses of the family is joint and several, and a suit therefor may be maintained against either, or both. Hence, the mere fact that the husband is charged with such expenses upon the book of plaintiff does not deprive him of the right to maintain a separate suit therefor against the wife.

In support of this view we find authority in Lawrence v. Linnaman, 24 Iowa, 80, and we cite this decision of the Supreme Court of Iowa because the section of our statute before mentioned is a literal copy of the statute in Iowa in force at the time of such decision; and the general rule is, when one State adopts a statute in force in another State, which has been construed by the courts of the latter, the act is adopted with the construction so given it. In the case cited above, the goods were sold to the husband, charged to him, and his note was given for the amount of the account. Suit therefor was brought against the husband and wife; he defaulted and she defended, claiming that under these facts she was not liable, but the Supreme Court held she was liable, and say, in the opinion, the husband determines primarily what is needed. He buys, furnishes, contracts debts, all in his own name, for the support and welfare of the family. The wife's name need not be known. His acts, agreements and promises are alike obligatory on both. The law does not contemplate the consent and action of both. This case is cited and the ruling approved by the Appellate Court in this State in Hudson v. King Bros., 23 Ill. App. 118, in which case the husband and wife were sued jointly for goods furnished the family and charged to the husband on the books of the plaintiff, and the wife was held liable therefor under the statute.

We are satisfied that notwithstanding the fact that the husband of defendant below was charged on the book of plaintiff with this medical bill, the evidence introduced on behalf of plaintiff to establish the legal liability of the wife was proper and relevant in support of the averment which properly charged her separately with owing and being indebted to plaintiff for said medical bill, and the trial court did not err in admitting such evidence over the objection of defendant.

It is further insisted on behalf of plaintiff in error, that the Circuit Court erred in refusing to hold the following propositions to be the law, as requested on her behalf:

1. The court states the law to be, that if the medical services in the case were rendered in the lifetime of the husband

of the defendant and charged to him, then the plaintiff can not recover.

2. That medical services rendered the family of Henry Glaubensklee, the husband of the plaintiff, and charged to him, are not such expenses of the family as will render the wife jointly or severally liable with the husband under the law.

We have already expressed views adverse to the proposition contained in the first request, rendering further comment on it unnecessary, and we will proceed to the discussion of the second, which is copied literally from the record, and the words "husband of *plaintiff*" therein are evidently not those counsel intended to use, but we will treat it for the present purpose as though "*defendant*" instead of and in the place of plaintiff, appeared.

The contention of the plaintiff in error in support of the proposition contained in the second request is, that the professional advice and visits of a physician to a family are not embraced in the language, "the expenses of the family," used in the statute, but that those words, properly construed, mean such expenses only "as are incurred for, on account of, and to be used in the family." "That the thing for which the expenditure is incurred should have been actually used, or kept for use in the family;" and, therefore, professional advice and services of a physician, not being a thing used or kept for use in the family, the expense incurred for such advice and services was "not intended to be one of the expenses of the family, for which defendant, as a wife, became liable under the said clause of the act." In support of this position counsel cite three cases: Van Patten v. Krueger, 11 Ill. App. 627; Fitzgerald v. McCarty, 55 Iowa, 705; County of Delaware v. McDonald, 46 Iowa, 170. We have examined the opinion in each of these cases, and in neither of them find authority sustaining the construction here contended for. If, as must be conceded, expenditures made or debts incurred for food, raiment, shelter, and even medicine, for the family, are for the "expenses of the family," as those words were intended to be understood by our Legislature, it is difficult to find any good reason why a debt incurred for professional skill and

advice, employed in directing the proper use of a remedy to alleviate the suffering, cure disease, and restore the health of members of the family, would not be one of the expenses of the family within the meaning of the act; and we find Iowa cases in which a much broader application is given to these words than would be required to support the latter construction. In Fitzgerald v. McCarty, 55 Iowa, 705, the court say, "It is the expenses of the family which, under the statute, are chargeable to both husband and wife. This implies, we think, the expense which has been incurred for something used in the family, kept for use, or been beneficial thereto." See, also, Smalley v. Felt, 41 Iowa, 588; Marquardt v. Flaugher, 60 Iowa, 148.

That the debt incurred for the professional services of plaintiff below was one of the expenses of the family for which defendant was legally liable, we have no doubt; hence the proposition contained in said second request was incorrect, and the trial court did not err in refusing to hold the same to be the law; and having thus disposed of all the questions submitted to us for determination, we need only add that no error appears in this record requiring the reversal of the judgment below, and the same is affirmed.

*Judgment affirmed.*