Davidson v. Biggs.

## DAVIDSON v. BIGGS.

61 309
101 607
61 369
103 175
61 309
107 650
61 309
110 93

61 309
119 575

61 309.
129 23
129 24

61 309
142 121

1. **Husband and Wife:** FAMILY EXPENSES: STATUTE OF LIMITATIONS. The doctrine of *Lawrence v. Sinnamon*, 24 Iowa, 80, that a note given by the husband, in settlement of an account for family supplies, arrests the running of the statute of limitations until the maturity of the note, both as to the husband and wife, approved and followed.

2. ——: ——: STARE DECISIS. Where a prior decision of this court has stood unquestioned for more than fifteen years, it will be followed without inquiry into the principles upon which it is founded.

3. **Demurrer in Law Action:** MUST BE SPECIFIC. A demurrer in a law action, which simply avers that "the allegations of the petition are insufficient to entitle the plaintiff to recover," is not sufficiently specific to be regarded by the court, under § 2649 of the Code.

*Appeal from Louisa Circuit Court.*

WEDNESDAY, JUNE 13.

ACTION to charge a wife for goods sold to the husband, which are alleged to have been purchased for the use of the family, and should be paid for by the wife as a part of the necessary family expenses. A demurrer to the petition was overruled, and, defendant refusing further to plead, judgment was entered for plaintiff. Defendant appeals.

*E. W. Tatlock*, for appellant.

*A. W. Jarvis* and *L. A. Riley*, for appellee.

BECK, J.—I. The petition shows that the last item of the account for the goods is dated March 29, 1876; that the husband executed a note to plaintiff for the whole amount of the account April 30, 1876, which matured October thirtieth of the same year, and that the suit was commenced August 22, 1882. One ground of the demurrer is that the action is barred by the statute of limitations, the defendant claiming that, as to her, the statute began to run at the date of the last item of the account. The circuit court held that the cause of action

was suspended by the execution of the note, and that the statute began to run at the date of its maturity. The precise question was ruled in *Lawrence v. Sinnamon*, 24 Iowa, 80, this court holding that the giving of a note by the husband for necessary expenses of the family arrested the running of the statute until the maturity of the note, both as to the husband and wife. Counsel for defendant concede that this case rules the question against defendant, but insists that it is not a sound exposition of the law, and should be overruled. We will not enter into an inquiry of the principles upon which it is founded, with the purpose of vindicating its

2. ——:——: correctness. It has stood unquestioned for more
stare decisis. than fifteen years, and has been, doubtless, often followed by the *nisi prius* courts, and esteemed by the profession as a part of the body of the laws of the state. Stability in the laws is of the first importance to the people and to the courts. Long established rules cannot be disregarded on the ground that the reasons on which they are based do not appear.

II. Another ground of demurrer was intended to bring in question certain items in the account for the goods sold,

3. DEMURRER for the reason that they do not show the purin law ac- chase of certain articles which could be denomi-
tion: must be
specific. nated family supplies and would come under the designation of family expenses. But the demurrer is not sufficiently explicit to raise the question argued by defendant's counsel. It simply avers that "the allegations of the petition are insufficient to entitle the plaintiff to recover." "A demurrer must specify the grounds of objection to the pleading, or it will be disregarded." Code, § 2649. See cases cited in Miller's Code and McClain's Statutes.

III. Another ground of demurrer was made, but is not argued by counsel; it cannot, therefore, be considered. The judgment of the circuit court must be

AFFIRMED.