ROSE A. HUDSON, IMP'D WITH W. O. HUDSON,

v.

KING BROTHERS.

*Husband and Wife—Liability of Wife for Family Expenses—Sec. 15, Chap. 68, R. S.—Construction by Iowa Courts, Adopted with Statute.*

1. The liability of the wife for family expenses, under Sec. 15, Chap. 68, R. S., is not limited to indebtedness incurred for necessary family expenses. The statute applies to the expenses of the family without limitation or qualification as to kind or amount, and without regard to the wealth, habits or social position of the party.

2. The husband may contract in his own name for the support and welfare of his family, and the wife's consent is not required to charge her with liability for indebtedness so incurred.

3. Goods purchased by the husband for his individual use and used by him exclusively, constitute a family expense within the statute.

4. In the case presented, it is *held:* That the wife is liable for the goods purchased by the husband for his own use: and that he was not, as shown by the evidence, living separate and apart from his family.

5. The adoption of a statute of another State generally carries with it the construction of the statute by the courts of that State.

6. The construction by the courts of Iowa of the statute in question does not conflict with our laws or the practice prevalent under them.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Stark County; the Hon. S. S. PAGE, Judge, presiding.

Messrs. MILES A. FULLER and FRANK THOMAS, for appellant.

Mr. JOHN E. DECKER, for appellees.

WELCH, J. This is an action brought by the appellees against William O. Hudson and Rose A. Hudson his wife, before a Justice of the Peace, to recover for goods and merchandise. A trial was had before the Justice, and judgment rendered against the defendants. An appeal was taken to the

Circuit Court by appellant, when a trial was had and a judgment was again rendered in favor of the appellees, from which judgment this appeal is taken by the appellant.

The evidence shows that the appellees were merchants in Wyoming and had been such for eight or ten years. That William O. Hudson and the appellant, his wife, resided on a farm owned by him, located some five or six miles from Wyoming, for several years, and that some three or four years ago they left the farm and moved into Wyoming and kept a restaurant, the family residing in the same building in which the restaurant was kept. They traded and bought goods for the family at the appellees' store whilst they lived on the farm and after they came to Wyoming. The goods were charged to William O. Hudson upon the books, he paying and settling for them. The last settlement was about the 3d day of March, 1885. The account on which this suit is brought, is for goods bought by him between the 5th of March and the 19th day of December, 1885. The goods were charged to him on the books of appellees and used by him, being clothing. There is no controversy that the goods were furnished or that the prices charged were reasonable. Appellant makes and relies upon two points for a defense: First. That the goods purchased were not properly family expenses under the law, for two reasons—because the articles purchased were for the personal use of the husband, and because, as they allege, he was living separate and apart from his family during the time the goods were being purchased. The second point relied upon for a defense is, that the appellant is not liable in any event unless the articles were actually necessary and purchased for the family with her consent.

The controversy in this case rests upon the construction to be given to the provisions of Sec. 15, Chap. 68, R. S., title Husband and Wife: " The expenses of the family and of the education of the children shall be chargeable on the property of both husband and wife, or either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

This section of the statutes was copied literally from a

statute of Iowa which has been long in force and had been construed by the Supreme Court of Iowa, in many cases, prior to its adoption in this State. A familiar rule in the construction of statutes is that when one State adopts a statute in force in another, which has been construed by the courts when the act was in force, the act is adopted with the construction given it by such courts. Freese v. Tripp, 70 Ill. 496; Gage v. Smith, 79 Ill. 219; Martin v. Judd, 81 Ill. 488; Hopkins v. Medley, 97 Ill. 402. Applying this rule in the construction of this section, we must adopt and follow the construction placed upon it by the Iowa courts. In Furn v. Rose, 12 Iowa, 565, it was held that a cook stove and fixtures and teacups constituted a family expense. Lawrence v. Linnamon, 24 Iowa, 80, was a case where goods were sold to the husband and charged to him on the books, and the note of the husband taken for the amount of the bill; suit was brought against both husband and wife; the husband defaulted, and the wife defended, claiming she was not liable. The court held her liable, and among other things, said: " The husband is the head of the family; he determines primarily what is needed for it; he buys, furnishes, contracts debts, all in his own name, for the support and welfare of the family. Her name need not be known, and his acts, agreements and promises are alike obligatory upon both. The law does not contemplate the consent and action of both." In Smedley v. Felt, 41 Iowa, 588, the question was whether a piano was such family expense as was within the contemplation of the statute. The court in deciding this question in the affirmative say : " The statute does not limit the liability of the property of the wife to expenditure for necessary family expenses. It applies to the expenses of the family without limitation or qualification as to kind or amount. Whether it was wise for the Legislature to so extend the liability of the wife is a question with which we have nothing to do. It may be that the Legislature intended to avoid the question which otherwise would have been constantly recurring and which always would have been of difficult solution, as to whether or not a particular expense in view of the circumstances of the case was a necessary one. What is

necessary depends very much upon the wealth, habits and social position of the party. What is a family expense, depends upon none of these conditions. If the courts should undertake to classify family expenses into those which are and those which are not a charge upon the property of both husband and wife, they would soon find themselves involved in an intricate and uncertain maze. The only criterion which the statute furnishes is: was the expenditure a family expenditure; was it incurred for, on account of, and to be used in the family?" The rule announced in this case was adopted and followed in Marquardt v. Flaugher, 60 Iowa, 148. The facts in this case were: The husband purchased in 1872 one lady's gold watch and chain, one ring and other small articles of jewelry, amounting in all to $107.65. He gave his note for the same. Suit was brought against both husband and wife. He made default. She defended, denying that the watch and chain was a family expense, and alleged that they were purchased by her husband and presented to her, and that they were exclusively used by her. The court found for the plaintiff, and among other things said: "The articles in question constitute a family expense under the doctrine of Smedley v. Felt, 41 Iowa, 588." We are referred by the counsel for appellant to the following Iowa cases: Davis v. Richie, 45 Iowa, 719, where it was held that money borrowed by the husband to provide necessaries for the family, were not family expenses. In Fitzgerald v. McCarty, 55 Iowa, 705, the court says: "It is the expenses of the family, which, under the statute, are chargeable to both husband and wife. This implies, we think, the expense must have been incurred for something used in the family, or kept for use, or been beneficial thereto." In County of Delaware v. McDonald, 46 Iowa, 170, it was held that the expenses incurred in the treatment of an insane wife in a hospital for the insane, was not a family expense within the meaning of the statute. The court say: "The expenses for the treatment of an insane wife in a hospital for the insane, provided by the State, it is contended, are a part of the family expenses; but we are of the opinion that they can not properly be so considered. The treatment, we think, is intended partly as

just charity toward the unfortunate, and partly as a protection and relief to society. The State reaches out its strong arm and makes the insane its wards, regardless of the care which they receive at home, or the wishes of those upon whom they are dependent for support. The treatment furnished the wife was not given her by virtue of any contract with him, either express or implied." We find no conflict in the Iowa authorities in the construction placed upon this statute. The cases referred to by the counsel for the appellant do not conflict with the rule announced in Smedley v. Felt, 41 Iowa, *supra*, and of Marquardt v. Flaugher, 60 Iowa, *supra*. The question of the construction of this section has never been before our Supreme Court. It has been before our Appellate Court but once— Von Platen v. Krueger, 11 Ill. App. 627—where the construction given in Smedley v. Felt, 41 Iowa, *supra*, is adopted and approved. The construction as placed on this section of the statute by the authorities, *supra*, does not limit the liability of the property of the wife to expenditures for *necessary* family expenses; it applies to the expenses of the family without limitation or qualification as to kind or amount, and does not depend upon the wealth, habits or social position of the party. The husband is the head of the family. He determines primarily what is needed for it. He may buy, furnish, contract debts, all in his own name, for the support and welfare of the family. His wife's name need not be known, and his acts and agreements are alike obligatory upon both. The consent and action of both is not required, that goods purchased for any individual member of a family, and used by him exclusively, shall constitute a family expense within the meaning of this section. This construction of this section effectually disposes of the following points made by the counsel for appellant: 1st, that the goods purchased were not properly family expenses because the articles purchased were for the personal use of the husband ; 2d, that the appellant is not liable unless the articles purchased were actual necessaries, and purchased for the family with her consent.

It is further insisted by counsel for appellant that the goods purchased do not constitute a family expense, for the reason,

as they allege; William O. Hudson had separated from his wife and had left his family and was not living with them at the time he purchased these goods. On this point the evidence shows that about the 1st of March, 1885, appellant purchased from her husband his farm in the country and paid him $1,800 for it; the farm was worth $5,000; that they had lived together in Wyoming in the building in which the restaurant was kept; that she moved from Wyoming to the farm about March 1, 1885, and took what belonged to her and the children. Her husband did not go with them. He ran the restaurant about a month and sold it; after selling it he went to the farm to see the family, stayed a day or two, then went to New Orleans, was gone six weeks, when he came back, went up to the farm to see his family, was there a day and night, and went away. Was at the farm five or six times during the summer, probably more, and while there, he was treated as one of the family, ate at the same table, and occupied the same bed with his wife, a part of the time. That from the time his wife went to the farm he had no particular home, until the latter part of December, when he was taken sick and went to his family, and has been living with them ever since. We are unable, from this evidence, to find that there was any such separation as the law recognizes. He is allowed to vis t her, is treated as one of the family, eats at the same table, sleeps in the same bed with his wife, and this taking place at the time it is claimed they were living separate. If there had been an actual separation, neither of the parties would have done as the evidence shows they did. There is nothing in this point.

It is further insisted by counsel for appellant, that while it is true that the general rule is, that a statute taken from another State shall receive the same construction before given to it by the courts of such other State, yet there are exceptions to that rule. And that such rule does not prevail, when such a construction is in antagonism to the law, and in conflict with the practice prevalent under them, for a long series of years. Cole v. People, 84 Ill. 216. We admit, in such a case as stated, the rule does not apply. We fail to find that

the construction given to this section by the Iowa courts is in antagonism to our laws or in conflict with the practice prevalent under them. The general rule of construction must prevail in this case. We have also been referred to some Alabama authorities. It is sufficient to say as to them, that they were made under a statute of that State, and as such, furnish no light upon the question presented in this case.

Perceiving no error in this case, the judgment is affirmed.

*Affirmed.*