## W. F. HOYLE
### v.
## B. F. WARFIELD.

*Husband and Wife—Liability for Family Expenses—Sec. 15, Chap. 68 R. S.*

Where two persons live together as husband and wife and are recognized and treated as such, the reputed husband is liable for family supplies, although the credit was extended to the reputed wife.

[Opinion filed May 25, 1888.]

IN ERROR to the County Court of Logan County; the Hon. J. T. HOBLIT, Judge, presiding.

Mr. S. L. WALLACE, for plaintiff in error.

Mr. A. D. CADWALLADER, for defendant in error.

CONGER, P. J. Appellee furnished one who passed as the wife of appellant, groceries to be used in appellant's family to the extent of $22.95. The principal ground of defense relied upon is that, at the time the goods were purchased, there was a special contract between appellee and the supposed wife that they were to be charged to her. Upon this question the evidence is conflicting, but conceding that appellant's theory is the true one, we do not think it relieves him from liability.

The parties were living together as husband and wife and were recognized and treated as such in the community where

they lived; and as to all who furnish them the necessaries of life which come under the head of family expenses, under the belief that such relation existed, when such belief is justified by the conduct of the parties, as it clearly was in this case, we think the provisions of Sec. 15 of Chap. 68, R. S., apply.

That section provides that "the expenses of the family * * * shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

Under the provisions of this section we think it makes no difference to which of the parties the credit is originally given; they are both liable.

In Smedly v. Felt, 41 Iowa, 591, the court say: "Can a party, who does in fact sell an article within the contemplation of these sections, to the husband, upon his individual credit, and receives his note therefor, afterward maintain an action against the wife?" And they answer the question in the affirmative.

We think the judgment below was right and it will be affirmed.

*Judgment affirmed.*