## HATTIE HOUCK

### v.

## JAMES F. SMITH & SONS.

*Husband and Wife—Family Expenses—Whether Wife Released by Creditor's Acceptance of Husband's Note.*

Where a husband and wife are both liable under the statute on a debt incurred for expenses of the family, the wife will not be released from liability by the acceptance by the creditor of the individual note of the husband for the debt in question.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Ford County; the Hon. A. SAMPLE, Judge, presiding.

Mr. C. W. RAYMOND, for appellant.

Messrs. COOK & MOFFETT, for appellees.

MR. JUSTICE BOGGS. This is an appeal from a judgment

rendered against the appellant and Jacob Houck, her husband, upon the theory that they were both indebted to the appellees for articles furnished for the use of the family, by force of Sec. 15 of Chap. 68 of our statutes, which provides that the "expenses of the family" shall be chargeable upon the property of both husband and wife. The appellees were retail dealers in general merchandise, such as is usually kept in country stores. They had adopted a system of delivering to their customers a book of coupons of various denominations, for which they took the note of the customer when the book of coupons was delivered. These coupons were receivable at the store of the appellee in payment for such articles in their stock as the customer might desire to purchase and this made the question of whether the articles furnished were such as are properly within the meaning of the words, "expenses of the family," somewhat difficult of determination.

The case was submitted to the court without a jury and it was held that the coupons were exchanged for articles used in the family of such nature and character that the cost thereof properly constituted the "expenses of the family," within the meaning of those words as used of the statute. We do not feel warranted in dissenting from this conclusion of the circuit judge. During the period of time in question a number of these coupon books, each of the total value (in exchange for merchandise) of $10, were delivered to either the husband or the wife. The system adopted by the appellee required that on receipt of a coupon book a note of the customer should be executed to the firm for the amount of the coupons in the book. Such course was pursued in the course of the dealings of the appellees with the Houck family, and notes of that character were executed by the appellee when she received a book and by her husband when a book was delivered to him. On the 6th of January, 1886, all these notes were collected together, and the husband of the appellee executed a note to the firm due on the first day of September of the same year, bearing eight per cent interest from date for the total amount of

them, less some deductions for coupons not used, and in this note was also included the sum of $2.45, being the amount of several articles purchased by the husband of the firm on the 21st day of January, 1885, before the adoption of the coupon book system. Afterward on the 6th day of June, 1886, Jacob Houck received another coupon book, and executed his note therefor for $10, due in sixty days, with interest at a legal rate only from date.

The judgment was for the amount of these notes and interest at the rate of six per cent per annum. It is first urged that the acceptance of the notes of the husband by the appellee is a waiver of any right of action that might otherwise have existed against the wife by force of the statute. Our statute creating a joint and several liability against both husband and wife for the expenses of the family, is a copy of a like statute previously enacted in the State of Iowa. According to a familiar principle applicable in such cases, we would ordinarily adopt with the statute, the construction placed upon it by the Supreme Court of that State. Previous to the enactment of our statute, the Supreme Court of Iowa held that the acceptance of the individual note of the husband did not release the wife from the liability imposed by the statute. Frost v. Parker, 65 Iowa, 158; Lawrence v. Lineman, 24 Iowa, 80; Davidson v. Beggs, 61 Iowa, 309. This is, we think, the correct view. The liability does not arise from a promise, express or implied, nor does it rest upon contract obligation, but upon a statutory duty imposed upon those occupying the relation of husband and wife by the law of the land.

This suit was commenced on the 24th day of February, 1890. It is claimed that the statute of limitations operated to bar two items, viz.:

January 21, 1885, divers articles..................$ 2.45
February 2, 1885, one coupon book................ 10.00

These items were both included in the note executed by the husband, and the act of the husband in closing up the account by the execution of his note operated according to

the rule established by the courts of Iowa to take the account out of the statute of limitations. Lawrence v. Lineman, *supra;* Davidson v. Biggs, *supra.*

Articles purchased under the coupon system· were not to be paid for until a book of coupons was used, provided same were used in sixty days, so that it can not be said that the bar of the statute was complete as to the item of the date of February 2, 1885. The evidence does not show that the item of $2.45 was sold upon any named terms of credit, and while according to the general rule it might be deemed due at once, yet from the course of dealing between the parties so far as it is developed by the evidence, it is clear that the appellant did not expect nor did the appellee intend to require that payment should be made at once. We are disposed to conclude that it was in the contemplation of the parties that this item should be paid at least within sixty days, and that being true the bar of the statute was not complete when the suit was begun as to that item.

We do not prefer at this time to commit ourselves to the doctrine that a husband or wife by executing his or her individual note for an account legally collectible from both under the statute in question, can continue the liability of the other without reference to the operation of the statute of limitations upon actions for the recovery of claims standing as open accounts. That question is not now necessarily before us for determination.

The judgment must be affirmed.

*Judgment affirmed.*