## Henry Arnold v. Charles Keil.

1. HUSBAND AND WIFE—*Liability for Family Expenses—Contemplated Separation.*—A seller can recover as family expenses when he sells in good faith to husband or wife, living together as a family, and delivers the goods at the family residence on the day of their separation, the seller being ignorant of any contemplated separation, while the buyer purchases in view of such separation.

2. SAME—"*Necessaries*" *at Common Law.*—At common law the wife could bind the husband for necessaries only as express authority was given her, or as authority could be implied from the husband's neglect to furnish goods suitable to her station in life, which were considered and treated in law as necessaries.

3. SAME—"*Family Expenses.*"—The term "family expenses" under the statute embraces much more than the term "necessaries" did under the common law.

4. SAME—*Presumption in Favor of the Relation.*—A presumption exists in favor of the continuance of the family relation when the husband or wife purchases goods ostensibly for and adapted to family use, from a vendor who, in good faith, sells and delivers the goods at the family residence, but without knowledge of any contemplated separation, although the parties were then contemplating a separation.

5. SAME—*Each the Agent of the Other.*—By virtue of the marriage relation each holds the other out to the world as an agent to incur family expenses for which both are liable. If a fraud is practiced by the agent both upon a vendor and upon the other member of the family, the vendor as an innocent party is not the one who should suffer.

Assumpsit, for goods sold. Trial in the Circuit Court of St. Clair County, on appeal from a justice of the peace; the Hon. WILLIAM HARTZELL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

**Statement of the Case.**—This was a suit brought by appellee, a hardware merchant, against Henry Arnold, appellant, and Louisa Arnold, his wife, under section 15, chapter 68, Starr & Curtis, to recover as family expenses the price of a heating stove and a cooking stove and utensils alleged to have been purchased by Mrs. Arnold. Judgment was obtained for $43.65, from which judgment Henry Arnold appealed. If appellee is entitled to recover at all, the amount of the judgment is not questioned.

The facts in substance are these:

Arnold and his wife lived together in Mrs. Arnold's property in Belleville for two years preceding the purchase of the articles in controversy. Arnold desired to move to Georgetown where he had property. His wife wanted to stay in Belleville. On the 5th of April Arnold left the family residence in Belleville and went to Georgetown, where he continued to reside, while his wife continued to live in the former residence in Belleville.

On the 26th of March Mrs. Arnold went to the store of appellee and bought the articles in question. Appellee testifies that when Mrs. Arnold bought the goods she explained that it was necessary to buy a heating stove at that time of the year because the wall on one side of the room was very damp, otherwise she would not have bought one so late in the season; that he had no knowledge of their intention not to live together; that when she bought the stoves on the 26th of March " she told me to set them aside until she let me know, and then I should bring them out and set the stoves up; " that he set aside the cooking stove and utensils going with it, but did not move the heating stove from where it stood, explaining their method of doing in such cases; that on the 5th of April Mrs. Arnold notified him to deliver the stoves and that he did so and they were delivered and set up about 11 o'clock that morning; that no arrangements were made about the pay; that he supposed it was a cash sale and that they would step in and pay; that when they were married they had bought a stove and had done a little cash trading and that he had done some guttering for which Arnold had paid.

Arnold and his wife continued to live together in her house in Belleville until the forenoon of April 5th, when about ten o'clock he moved his goods out of the family residence, owned by Mrs. Arnold, and went to live on his own property at Georgetown. At what time he concluded to move out does not appear. He states in evidence that they always lived agreeably together; that the reason he left was " because she told him that he was living in her house; that I requested her several times to remove to Georgetown but she refused to go." " The day before I removed, and the day I removed, I requested her to go."

Oscar Becherer and Webb & Webb, attorneys for appellant.

Winkelmann & Baer, attorneys for appellee.

Mr. Justice Worthington delivered the opinion of the court.

This case might be affirmed for non-compliance with the rule requiring a complete abstract. Were it not for the statement of counsel for appellant in his brief, we would be at a loss to know from the abstract what parties were sued in the first place, for what they were sued, or what judgment was rendered or who appealed. Errors in the abstract are also pointed out by appellee, but having corrected them in his brief and not relying upon them, they will be considered as waived.

Appellant assigns as errors the instructions given for appellee; the refusal of instructions asked by appellant and the modification of such of appellant's instructions as were given; the rejection of testimony offered by appellant; and that the evidence does not support the verdict. Without noticing these assignments in detail the opinion of the court, taken as a whole, will pass upon them.

Appellant insists that there can be no recovery under the statute against both husband and wife for family expenses unless the articles were purchased for family use and were

used in the family. He contends that although apparently purchased for family use and supposed by the seller to be sold for such use, yet if they were not in fact purchased for such use and were not so used, that no recovery can be had under the statute against both husband and wife.

The cases cited by appellant, when considered in reference to the facts involved in them respectively, do not bear upon the important question in the case at bar. In Schlesinger v. Mayer, 30 Ill. App. 253, the parties had not been living together for months. The court held that there could be no recovery unless the family relation existed. In Hudson v. King Bros., 23 Ill. App. 118, although the husband had been absent frequently for long spaces of time, the court held that the family relation still existed. In Von Platen v. Krieger, 11 Ill. App. 627, the court discusses what are and what are not family expenses.

In Hudson v. Sholem & Sons, 65 Ill. App. 64, the husband and wife were not living together when the goods were purchased, nor were they delivered at what had been the former family residence. The opinion also states that the evidence strongly tends to show that the seller had knowledge of the domestic disagreement and that notice had been given that the husband would not be responsible for the wife's debts. It also appears that the main insistence of the seller in this case was that express authority had been given to the wife to contract. Under these facts, the statement by the court that "if the goods were purchased in contemplation of a separation, and for the personal use of the wife, then their cost was not to be regarded as expenses of the family" was not pertinent or necessary to the decision of the case.

In Smedley v. Felt, 41 Iowa, 591, the only question at issue was whether a piano came within the scope of family expenses. Fitzgerald v. McCarty, 55 Iowa, 702, was a suit upon a book account against the husband, and the wife was joined in the suit upon the ground that part of the goods sold were family expenses. They were living together as a family, and the question to be determined

was not whether there was any joint liability, but it was to determine for what specific articles a joint liability existed.

None of these cases touch the question of joint liability in a case where, in contemplation of a future separation, a husband or a wife purchases articles suitable and apparently for family use, which are delivered at the family residence on the very day of separation, by the seller, in good faith, and without any knowledge of a family disagreement or a contemplated separation.

It is certainly not necessary, as stated in comment in Fitzgerald v. McCarty, *supra*, that the articles should be actually used in the family, as the word " used " is commonly applied. A furnace might be purchased in September for use in the cold weather of the coming winter; a chamber might be furnished with bed and bedding for occupancy when required; a box of medicines might be bought for sudden emergencies. It is not reasonable to say that the fire must be kindled in the furnace, a sleeper must occupy the bed or an invalid take the medicine, before these articles can be classed as family expenses. It is a legal use, as contemplated by the statute, when they are in the family for actual use when required. If, then, the stoves, etc., sold, were purchased while the family relation existed, and for use in the family, the mere fact that fires were not kindled in them before suit was brought to recover their price, would not preclude a recovery as " family expenses."

The graver question presented in the case at bar is this : Can a seller recover as family expenses when he sells in good faith to husband or wife, living together as a family, and delivers the goods at the family residence on the very day of separation, the seller being ignorant of any contemplated separation, while the buyer purchases in view of a separation. An answer to this question involves the consideration of the relation of husband and wife under the statute to those selling either of them, articles suitable for family expenses. In such case the statute enters into and forms part of the contract of sale.

It is said in Hudson v. Sholem & Sons, *supra*, " the stat-
ute merely imposes a liability upon the wife by which she
may be held jointly with her husband who otherwise alone
would be responsible." It is also stated inferentially, that
the common law rule as to the power of the wife to bind
the husband for necessaries, is not changed by the statute.

Both these propositions are to be read with reference to
the facts in the case in which they were written. At com-
mon law the wife could bind the husband for necessaries
only as express authority was given her, or as authority
could be implied from the husband's neglect to furnish
articles suitable to her station in life, which said articles
were considered and treated in law as necessaries. "Family
expenses," under the statute, embrace much more than " nec-
essaries" under the common law. Fitzgerald v. McCarty,
*supra;* Smedley v. Felt, 41 Iowa, 588; Hudson v. King
Bros., 23 Ill. App. 118; Illingsworth v. Burley, 38 Ill. App.
394; Head v. Harding, 166 Ill. 360.

If the wife, then, can purchase articles that are family
expenses and yet are not necessaries at common law, and
bind both husband and wife for their payment, her author-
ity to bind the husband to this extent is as much greater
under the statute than at common law, as the phrase " fam-
ily expenses," is broader than " necessaries." That she can
bind the husband for " family expenses " under the statute
we think is clear. It is said in Frost v. Parker, 65 Iowa,
178, " The right declared is, that the creditor of the husband
or wife for family expenses may have a remedy against
both." Cited in Myers v. Field, 146 Ill. 56. In Hoyle v.
Warfield, 28 Ill. App. 628, it is said, " Under the provisions
of this section we think it makes no difference to which of
the parties the credit is given; they are both liable." The
statute makes both husband and wife liable, jointly or sev-
erally, for family expenses, without limiting the right to
either to incur them. The courts have no authority to
declare a limitation that the statute does not impose. To
give such a construction to the statute would be to make
the wife jointly liable with the husband for family expenses,

Arnold v. Keil.

whether necessary expenses or not, while for family expenses incurred by the wife which are not necessary expenses, the husband would not be liable. We think, then, that under this statute the authority of husband or wife to bind both for family expenses is the same, and that it has no relation to, and is not to be considered in connection with, the common law as to necessaries. If this is true, then each is the agent to bind the other or to bind both for such expenses by virtue of the family relation existing by reason of marriage.

This being the law, who shall suffer when the husband or wife, the family relation existing, purchases goods ostensibly for family use and adapted to such use, although then contemplating a separation, from a seller who, in good faith, sells and delivers the goods purchased at the family residence with no knowledge of any contemplated separation? A presumption exists in favor of the continuance of the family relation. The statute enters into and forms a part of the contract of sale. By virtue of the marriage relation each holds the other out to the world as an agent to incur family expenses for which both are liable. If a fraud is practiced by the agent both on the seller and upon the other member of the married family, the seller, as an innocent party, is not the innocent party who should suffer. The loss, if any, should fall upon the one holding out the agent who perpetrates the fraud.

Under the facts, then, in this case, we think appellee is entitled to recover against both husband and wife.

We see no error in the rejection of the testimony of Eagan. His relation to Winkelmann was such as to render the communication between Winkelmann and appellee privileged and exempt from disclosure. Judgment affirmed.