Stoutenborough v. Rammel.

---

## W. B. Stoutenborough v. J. M. Rammel and George Conover, partners, etc.

1. MARRIAGE—*presumption as to continuance of.* Proof of marriage having been made, the presumption is that the relation has continued to exist and that the husband and wife are living together in the family relation.

2. FAMILY EXPENSES—*husband and wife jointly liable for.* The husband and wife under the statutes are jointly liable for the expenses of the family; where furnished by a tradesman without knowledge, or means of knowledge, that the family relation does not exist, the husband is liable equally with the wife to whom the articles in question were furnished.

3. WIFE—*when incompetent in suit against husband.* In a suit against the husband to recover for family expenses incurred by the wife, the wife is incompetent as a witness on behalf of the plaintiff.

4. INCOMPETENT EVIDENCE—*when admission will not reverse.* The admission of incompetent evidence will not reverse where the finding of the court is sufficiently supported by other competent evidence.

Action commenced before justice of the peace. Appeal from the Circuit Court of Macon County; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed November 24, 1905.

Hill & Drew, for appellant.

B. F. Shipley and I. A. Buckingham, for appellees.

Mr. Justice Baume delivered the opinion of the court.

Appellees brought suit before a justice of the peace against appellant and Hattie M. Stoutenborough, his wife, to recover $36.25, the price of a sideboard, rocking chair and rug, purchased by Mrs. Stoutenborough, April 13, 1904, for use in the family home provided by appellant. From the judgment of the justice against appellant and his wife he appealed to the Circuit Court, where the case was tried by the court without a jury, resulting in a like finding and judgment against them. Appellant is sought to be held liable jointly with his wife under section 15, chapter 68, Hurd's Stat. 1903, p. 1039, which provides that the expenses of the family shall be chargeable upon the property of both husband and wife, etc. Appellant seeks to avoid liability upon the alleged ground that he was living separate and apart from his wife and family when the debt was incurred; that such separation was known to appellees; and that he had previously notified appellees not to sell goods to his wife upon his credit.

The marriage being shown the presumption attaches that it continues and that the husband and wife are living together in the family relation. Arnold v. Keil, 81 Ill. App. 237.

The competent evidence in the record tends to show that on March 4, 1904, appellant's wife and children moved from the farm to a house in the village of Maroa, provided and furnished by appellant; that on March 5th, appellant purchased household goods from appellees for use in the house in Maroa, and paid for the same on March 9th, following; that, thereafter, appellant was engaged in work on his farm, four miles distant from Maroa, but made occasional trips to the latter place with provisions for the family; that a merchant dealing in groceries, etc., in Maroa, was expressly authorized by appellant to sell to his wife and children, upon his credit, to the extent of $15 a

month. In the absence of knowledge to the contrary, appellees were justified in assuming that appellant and his wife and children were living together on April 13, 1904, notwithstanding appellant had not as a matter of fact occupied the house in Maroa. Whether appellant notified appellees, prior to April 13th, not to sell to his wife upon his credit, is a sharply controverted question of fact, upon which, under the evidence in the record, the finding of the trial court must be held to be conclusive.

The wife of appellant was permitted, over objection, to testify as a witness on behalf of appellees. Upon the authority of Hyman v. Harding, 162 Ill. 357, this was error, but as the finding and judgment of the court is amply sustained by the competent evidence in the record, no harm resulted to appellant.

The judgment is affirmed.

*Affirmed.*