partnership for professional services as patent attorneys, a conten-
tion that the defendant did not employ the plaintiffs but employed
another copartnership to which they succeeded could not be sus-
tained when it appeared that the defendant had actual notice of
the change in the firm by the addition to it of two other attorneys,
and continued to avail itself of the services of such firm.

6. ATTORNEY AND CLIENT, § 79*—*when defense of improper advice
not available in action for compensation.* In an action by a copart-
nership for professional services rendered as patent attorneys, a
contention of the defendant that the plaintiffs' improper advice pre-
vented a settlement of litigation instituted for infringement of cer-
tain patents had no substantial basis in the evidence, it appearing
that the advice in question was sound in law and in fact.

7. INTEREST, § 23*—*when allowed.* In an action by copartners for
professional services rendered as patent attorneys, the allowance of
interest because of unreasonable and vexatious delay in the pay-
ment of the claim was proper, it appearing that the good faith of
defendant in finally refusing and resisting payment was discredited
by the evidence.

---

## Mandel Brothers, Defendant in Error, v. Charles J. Ringstrom, Plaintiff in Error.

### Gen. No. 19,178.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M.
FISHER, Judge, presiding.   Heard in the Branch Appellate Court
at the March term, 1913.   Affirmed.   Opinion filed November 25,
1914.

### Statement of the Case.

Suit by Mandel Brothers against Charles J. Ring-
strom to recover the price of certain goods sold by
plaintiff to the wife of the defendant. A trial by jury
resulted in a verdict and judgment against defendant
for $106.71, and he brought error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

CHYTRAUS, HEALY & FROST and EDWIN WHITE MOORE, for plaintiff in error.

RINGER, WILHARTZ & LOUER, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 8*—*what is nature of liability for family expenses.* Section 15 of the Act relating to husband and wife, J. & A. ¶ 6152, as to family expenses, is in derogation of the common law and enlarges the liability of husband and wife, either jointly or severally, for family expenses, and such liability is not dependent upon an authorization by the party sought to be held liable.

2. HUSBAND AND WIFE, § 8*—*what is meaning of term "expenses of the family."* The term "expenses of the family" as employed in section 15 of the Act relating to husband and wife, J. & A. ¶ 6152, is not synonymous with "necessaries."

---

## Lawndale Steam Dye Works, Appellee, v. Chicago Daily News Company, Appellant.

### Gen. No. 19,210.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ISAAC HUDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed November 25, 1914.

## Statement of the Case.

Suit by the Lawndale Steam Dye Works against Chicago Daily News Company to recover damages to plaintiff's delivery automobile occasioned by a collision with defendant's motor truck, alleged to have been negligently operated by a servant of defendant. There was a verdict and judgment against defendant for five hundred dollars, and it appealed.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.