# Carson Pirie Scott & Company, Appellee, v. Franklin H. Stanwood, Appellant.

## Gen. No. 28,091.

1. HUSBAND AND WIFE—*evidence of separation as affecting husband's liability for family expenses.* In an action against a husband for wearing apparel sold to the wife in her own name, evidence that at about the time of such sale an attorney had drawn a bill of divorce for her and that she stated to such attorney that she was going to another State shortly and had purchased the goods to take with her was inadmissable where there was no proof, or offer thereof, tending to show that the bill was ever filed in court or that any separation ever took place or that husband and wife were not actually living together as such at the family residence where and when the goods were delivered and where the drafted bill offered was based on acts of cruelty occurring long subsequent to the purchase of the goods in question.

2. HUSBAND AND WIFE—*evidence of contemplated separation incompetent as against seller of necessities to wife.* In an action against a husband for wearing apparel sold to the wife on her own credit, evidence that she had consulted an attorney who had drafted a bill of divorce for her and as to her statement that she contemplated suing for divorce and leaving her husband is not competent against the seller of such goods who had no notice thereof.

3. HUSBAND AND WIFE—*liability of husband for family expenses not dependent upon notice that credit extended to wife.* A husband's liability for the purchase price for articles of wearing apparel sold to his wife on her credit during the continuance of the family relations is not affected by the fact that the credit was extended to her without his knowledge, consent or acquiescence.

4. HUSBAND AND WIFE—*husband's liability for family expenses not dependent upon financial condition of wife.* In an action against the husband for wearing apparel sold to the wife on her credit during the continuance of the marital relation, evidence as to his financial condition and that the wife had separate funds of her own and that she was supplied with all necessary wearing apparel is incompetent.

5. HUSBAND AND WIFE—*admissions of wife as binding husband in action for family expenses.* In an action against the husband for the price of wearing apparel sold to the wife on her own credit during the continuance of the family relation, her admission to an employee of plaintiff that she purchased the goods in question is

admissible to bind her and its admission generally was not error in the absence of any objection that it should only be admitted for the purpose of binding her alone.

6. HUSBAND AND WIFE—*sufficiency of proof in action against husband for family expenses.* In an action against the husband for the price of wearing apparel sold to the wife on her credit, delivery of the goods to the family residence and their value are proven by the testimony of the seller's deliveryman that he delivered the goods to the family residence a day or two after their purchase, together with evidence connecting the delivery sheets used by him with the seller's books which identified the specific articles shown on the delivery sheets and showed the price and other specific facts of the purchase and with evidence that the particular articles were thereafter seen in the family home.

7. ARGUMENTS OF COUNSEL—*propriety of reading statute on which action is based.* It is not error for the attorney for plaintiff in an action against the husband for the price of wearing apparel sold to the wife on her own credit to read to the jury the section of the statute upon which the action is based.

Appeal by defendant from the County Court of Cook county; the Hon. FRANK S. RIGHEIMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed March 13, 1923.

CHARLES S. KNUDSON, for appellant.

WHITMAN & MILLER, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal by the husband from a joint judgment against him and his wife for merchandise bought by her from appellant. The main question presented here is whether the goods were chargeable to the husband as a family expense under section 15 of the Act relating to Husband and Wife (chapter 68, ¶ 15, Cahill's Ill. St.).

She applied for, and obtained, credit in her own name at plaintiff's store in the early part of November, 1920, and within twenty days thereafter bought the goods in question, amounting to $737.38, consist-

ing of woman's wearing apparel and infant's wearing apparel. It is not questioned, as we understand it, and could not well be, that the nature of the goods is such as brings them within the classification of family expenses. It has frequently been held, following the interpretation of the statute as given in *Smedley v. Felt*, 41 Iowa 588, from the statute of which State our statute was copied, that the statute does not limit the liability of expenditures for necessary family expenses but applies to expenses of the family without limitation or qualification as to kind or amount. (*Hyman v. Harding*, 162 Ill. 357; *Von Platen v. Krueger*, 11 Ill. App. 627; *Hudson v. King Bros.*, 23 Ill. App. 118; *Arnold v. Keil*, 81 Ill. App. 237; *Mandel Bros. v. Ringstrom*, 189 Ill. App. 564; *Houghteling v. Walker*, 100 Fed. 253.)

As bearing upon the fact whether the relation of husband and wife existed at the time of the purchase and delivery of the goods, appellant offered to show by an attorney at law that he had drawn a bill for divorce for the wife on November 5, 1920, and that the wife had stated to him that she contemplated going to Wisconsin within a short time and was purchasing goods from plaintiff for the purpose of taking them with her there, and that she had already shipped a part of them. The offer was properly rejected. Not only was the offer not accompanied by any proof, or the offer of any, tending to show that the bill was ever filed in court, or that any separation ever took place, or that they were not actually living as husband and wife at the residence where and when the goods were delivered, but the drafted bill offered is based in part on acts of cruelty occurring as late as April, 1921, long after the purchase and delivery of the goods in question. Nor was her statement to her attorney as to what she contemplated doing competent evidence against appellee who had no notice of such intentions.

The immateriality of a contemplated separation not

known to the seller at time of purchase, and liability under the statute without proof that the articles were actually purchased for family use or so used, and appellant's authorities bearing on these questions are, in the main, fully discussed in *Arnold v. Keil,* 81 Ill. App. 237. In that case the wife, refusing to go with her husband to another place of residence, made the purchase of a stove to be set aside for delivery on the day he left. The court held that under the statute the husband or wife could bind the other, or both, in purchases of goods ostensibly for family use and adapted for such use, while the family relation existed, although a separation was contemplated, and the purchaser would be liable to the seller who in good faith sells and delivers the goods purchased at the family residence with no knowledge of any contemplated separation, that a presumption exists in favor of the continuance of the family relation, that the statute enters into and forms a part of the contract of sale, and that the seller, as an innocent party, is not the innocent party who should suffer in case fraud is practiced on either seller or the other party to the marital relation. We think, therefore, the proffered evidence was properly rejected.

Appellant also urges that credit was given to the wife without the knowledge, consent or acquiescence of the husband. But none of these was essential to establish his liability. (See *Houghteling* case, *supra; Hudson* case, *supra; Mandel Bros.* case, *supra; Hoyle v. Warfield,* 28 Ill. App. 628; *Houck v. Smith & Sons,* 46 Ill. App. 64.)

Appellant also offered to show his financial condition, and that the wife had separate funds of her own in a bank, and was supplied with all necessary wearing apparel, but in view of the grounds of liability, as interpreted in the decisions cited, such proof was properly rejected.

The wife admitted to an employee of plaintiff that

she purchased the goods in question. The testimony was objected to but it was admissible to bind her, and we do not find that appellant requested that it be restricted to that purpose only.

It is not questioned that the wife made the purchases, but it is contended that there was not sufficient proof of the delivery of the goods. Appellee's driver testified to personal knowledge of the delivery of packages at appellant's home, a day or two following the dates of purchase, and produced the delivery sheets used by him to designate the packages. The system of bookkeeping and billing was such as identified these packages with the articles purchased as shown by the ledger, bills and other documents introduced in evidence. He did not know the contents of the packages delivered, but we think the proof was ample to identify them as the articles purchased by appellant's wife. Some of these articles were afterwards seen in appellant's house.

The articles were purchased and billed at specific prices and it was not necessary to prove their market value. Plaintiff had a right to base its action on the contract prices at which they were sold. They were binding on her by contract and on him by the statute. We think, therefore, the contention that the proof of delivery and value of the goods was insufficient is not well taken.

It is urged that the court erred in its rulings on instructions given and refused, but appellant nowhere points out in his argument in what specific respects error was committed.

We find nothing in the alleged prejudicial remarks of the judge that can properly be regarded as prejudicial error.

It is also urged that it was error for counsel for appellee to read in his opening statement to the jury section 15 of the statute upon which the action was

based. The cases cited in support of the contention relate to the propriety of reading *decisions* to the jury in argument. Counsel certainly had a right to state the grounds of his action, and could have stated orally what was contained in the statute as the basis of it. We cannot regard it reversible error to read what might be stated orally.

Other points were made but in view of what we have said we deem it unnecessary to set them out or discuss them in detail.

Finding no reversible error in the record and deeming the proof sufficient to support the judgment, the judgment is affirmed.

*Affirmed.*

MORRILL and GRIDLEY, JJ., concur.