Asheville School for Training in Christian Leadership, Appellee, v. Wallace F. Kirk and Mrs. Wallace F. Kirk, also known as Florence McF. Kirk, Appellants.

Gen. No. 36,062.

Opinion filed February 8, 1933.

KIRKLAND, FLEMING, GREEN & MARTIN, for appellants; JAY FRED REEVE and J. B. MARTINEAU, JR., of counsel.

ENGLAND, DODGE & O'TOOLE, for appellee; EDWARD L. ENGLAND and FREDERICK R. NYBERG, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Plaintiff brought its action to recover damages for a breach of contract and recovered a judgment for damages in the amount of $800 in the municipal court of Chicago. The cause was tried by the court without a jury. The only question before this court is whether or not the correspondence between the parties constituted a valid agreement under which the defendants agreed to send their son to the plaintiff's school for the year commencing in September, 1929.

The boy, Samuel Alexander Culbertson II, was the son of Mrs. Wallace F. Kirk, by a former marriage, and a stepson of Wallace F. Kirk, her husband, defendant herein, and was during the circumstances hereinafter described living with, and a member of the family. Under the circumstances, Wallace F. Kirk, defendant herein, stood in *loco parentis* to the boy and was liable for the expense of his education. *Chicago Manual Training School Ass'n v. Scott,* 159 Ill. App. 350.

October 2, 1928, Wallace F. Kirk wrote to plaintiff asking it to enter his stepson in its school for the following year. A written catalogue setting forth the requirements for admission, the annual charges for tuition, and the request for certain information to be

furnished by the applicant, was furnished the defendants. Thereafter a written application was signed by Florence McF. Kirk and forwarded to the plaintiff. The application was in writing and provided as follows:

"Application is hereby made for the admission of Samuel Alexander Culbertson, II, to Asheville School, for entrance at the opening of school, September, 1929.

"In signing this application, the parent or guardian accepts the regulations given in the catalogue.

"The annual charge is $1,500, payable $800 at the opening of school in September, and $700 on February 1st. Boys are accepted in September only with the understanding that they are to remain for the full year.

"No part of the semi-annual fee will be remitted in case of dismissal, withdrawal or absence.

. . . . . .

"I agree to the regulations and conditions of payment stated above.

"(Signed)    Florence McF. Kirk,
Parent or Guardian."

The catalogue furnished the defendants, among other things, contained as a requirement that "every applicant must furnish a record of his previous work and must present his certificate of honorable dismissal from his former school." Upon receipt of the signed application, plaintiff, on January 24, 1929, wrote the defendant Mrs. Wallace Kirk, who is the same as the Florence McF. Kirk who signed the application, the following letter:

"January 24, 1929.

"Mrs. Wallace Kirk
20 E. Cedar Street,
Chicago, Illinois.
"Dear Mrs. Kirk:

"I have just received your application for admission here in September 1929 of Samuel Alexander Cul-

bertson, II, and he is *duly enrolled,* pending receipt of honorable dismissal from his present school, which I assume will be sent upon completion of his course there.''

On or about February 1, plaintiff received from the principal of the school at which defendants' son was in attendance, a certain form filled out, as required by the catalogue of the plaintiff, showing the course of studies pursued by defendants' son.

The defendant Florence McF. Kirk testified that she wrote to the plaintiff on or about July 2, 1929, notifying it of the withdrawal of her son from the school. Plaintiff testified that no such communication was received. On the opening of school in September, 1929, plaintiff wrote to the defendants inquiring about the whereabouts of their son and was informed that the boy had been entered in another school and would not attend the school of the plaintiff.

It is contended that the contract between the parties was not complete in that it still became necessary to furnish a record of the boy's work and present a certificate of honorable dismissal from his former school before he would be accepted by the plaintiff. The fact is that the boy did receive an honorable discharge as evidenced by the communication from the head of his school to the Shoate School, to which he was admitted. No question, however, is raised in this record as to the inability of the son of the defendants to answer the requirements of admission to the school conducted by the plaintiff.

Witnesses for plaintiff testified that after the boy had been enrolled, a place was provided for him among the body of students to be received in the fall of 1929.

At the time the defendants, or either of them, signed the application for the admission of the son to the institution of the plaintiff, the defendants assented to

the conditions provided for in the catalogue and agreed to fulfill these conditions if the son was received as a member of the school. These conditions were fully known to the defendants at the time the agreement was signed and it was with full knowledge of these conditions that the application was signed and returned to the plaintiff. It became necessary for the plaintiff to make arrangements extending into the future for the care and education of the boy if the conditions required by the catalogue were fulfilled. Upon the signing of the application and the receipt of the letter of acceptance, the contract was completed. *Head v. Theis,* 106 N. J. L. 281; *Dwyer v. Cashen,* 232 Ill. App. 493; *Teeter v. Horner Military School,* 165 N. C. 564.

For the reasons stated in this opinion the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HEBEL and HALL, JJ., concur.